## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN AKINS, ET AL.,** | ) | **Civil Action No. 2:12-cv-2401** |
| **Individually and on behalf of all others** | ) | |
| **similarly situated and identified below,** | ) | |
| | ) | |
| | ) | **CLASS/COLLECTIVE ACTION** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WORLEY CATASTROPHE** | ) | |
| **RESPONSE, LLC,** | ) | |
| **WORLEY CATASTROPHE** | ) | |
| **SERVICES, LLC, and** | ) | |
| **MICHAEL ALLEN WORLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

**(NOTICE OF RELATED CASE CONTEMPORANEOUSLY FILED)**

### (JURY TRIAL IS DEMANDED)

### NATURE OF THE ACTION

1.    Plaintiffs bring this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of himself/herself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.      Defendants have violated the FLSA by paying their claims adjusters (a/k/a claims evaluators) a *per diem* wage, without any overtime, for providing services related to business and property damages arising from the 2010 explosion at the Deepwater Horizon offshore drilling rig operated by BP Corporation North America, Inc. ("BP") (hereafter the "BP Oil Spill" or "BP Oil Spill Project").

3.      Plaintiffs, as putative class representatives, also seek certification of this suit as a collective action on behalf of all current and former claims adjusters (a/k/a evaluators) described, referenced and identified further below.

4.      Plaintiffs did not participate in the prior FLSA conditionally certified collective action against Defendants that was before this Court, *John J. Altier, et al. v. Worley Catastrophe Response, LLC, et al.*, Civil Action No. 11-00241 (Consolidated with Civil Action No. 11-00242), and assigned for all purposes to Magistrate Judge Joseph C. Wilkinson, Jr. (hereafter the "*Altier* Case").   Plaintiffs' Notice of Related Case is being contemporaneously filed with this Complaint.

5.      Plaintiffs in *Altier* alleged that Defendants threatened retaliation against those who joined.  A significant number of Plaintiffs in this case were dissuaded from joining by the prospect of losing their jobs or being blacklisted by Defendants.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

7.      The actions, inactions and policies alleged to be unlawful were committed by the Defendants in and around Southeastern Louisiana, where Defendants were and are

located, and where Plaintiffs, and others similarly situated, worked.   Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Louisiana and venue is proper.

<u>**THE PARTIES**</u>

8.     Plaintiff John Akins ("Akins") resides in Mississippi and was employed by Defendants as a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Akins is attached within Exhibit 1 (Plaintiff No. 1).

9.     Plaintiff Tim Allen ("Allen") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Allen is attached within Exhibit 1 (Plaintiff No. 2).

10.     Plaintiff Emory Archer ("Archer") resides in Oklahoma and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Archer is attached within Exhibit 1 (Plaintiff No. 3).

11.     Plaintiff Mark Barlow ("Barlow") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Barlow is attached within Exhibit 1 (Plaintiff No. 4).

12.     Plaintiff Joel Barton ("Barton") resides in Arkansas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Barton is attached within Exhibit 1 (Plaintiff No. 5).

13.     Plaintiff Shirley Bates ("Bates") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.   The Consent Form of Bates is attached within Exhibit 1 (Plaintiff No. 6).

14.     Plaintiff Cory Bell ("Bell") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Bell is attached within Exhibit 1 (Plaintiff No. 7).

15.     Plaintiff Steven Berry ("Berry") resides in Tennessee and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Berry is attached within Exhibit 1 (Plaintiff No. 8).

16.     Plaintiff Anthony Billiot ("Billiot") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Billiot is attached within Exhibit 1 (Plaintiff No. 9).

17.     Plaintiff Harry Blue ("Blue") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Blue is attached within Exhibit 1 (Plaintiff No. 10).

18.     Plaintiff Michael Boyce ("Boyce") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Boyce is attached within Exhibit 1 (Plaintiff No. 11).

19.     Plaintiff Holly Branch ("Branch") resides in Georgia and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Branch is attached within Exhibit 1 (Plaintiff No. 12).

20.     Plaintiff Leonard Branham ("Branham") resides in Georgia and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Branham is attached within Exhibit 1 (Plaintiff No. 13).

21.     Plaintiff Denis Bray ("Bray") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Bray is attached within Exhibit 1 (Plaintiff No. 14).

22.     Plaintiff Ryan Brown ("Brown") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Brown is attached within Exhibit 1 (Plaintiff No.15).

23.     Plaintiff John Burns ("Burns") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Burns is attached within Exhibit 1 (Plaintiff No. 16).

24.     Plaintiff Roman Calabrese ("Calabrese") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Calabrese is attached within Exhibit 1 (Plaintiff No. 17).

25.     Plaintiff Vance Campbell ("Campbell") resides in Kansas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Campbell is attached within Exhibit 1 (Plaintiff No.18).

26.     Plaintiff Anthony Campo ("Campo") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Campo is attached within Exhibit 1 (Plaintiff No. 19).

27.     Plaintiff Robert Carbo ("Carbo") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Carbo is attached within Exhibit 1 (Plaintiff No. 20).

28.     Plaintiff Jeffrey Champion ("Champion") resides in Alabama and was employed by
Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of
Champion is attached within Exhibit 1 (Plaintiff No. 21).

29.     Plaintiff Christine Chapman ("Chapman") resides in Alabama and was employed by
Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of
Chapman is attached within Exhibit 1 (Plaintiff No. 22).

30.     Plaintiff David Coffman ("Coffman") resides in Texas and was employed by Defendants
a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Coffman is
attached within Exhibit 1 (Plaintiff No. 23).

31.     Plaintiff Charlene Coker ("Coker") resides in Texas and was employed by Defendants a
claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Coker is
attached within Exhibit 1 (Plaintiff No. 24).

32.     Plaintiff Angela Craft ("Craft") resides in Alabama and was employed by Defendants a
claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Craft is
attached within Exhibit 1 (Plaintiff No. 25).

33.     Plaintiff Booker T. Creighton III ("Creighton") resides in Alabama and was employed by
Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of
Creighton is attached within Exhibit 1 (Plaintiff No. 26).

34.     Plaintiff Carol Crump ("Crump") resides in Texas and was employed by Defendants a
claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Crump is
attached within Exhibit 1 (Plaintiff No. 27).

35. Plaintiff Brian Curran ("Curran") resides in New York and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of Curran is attached within Exhibit 1 (Plaintiff No. 28).

36. Plaintiff Eric Davis ("E. Davis") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of E. Davis is attached within Exhibit 1 (Plaintiff No. 29).

37. Plaintiff Thomas Davis ("Thomas Davis") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form Thomas Davis of is attached within Exhibit 1 (Plaintiff No. 30).

38. Plaintiff Tom Davis ("Tom Davis") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of Tom Davis is attached within Exhibit 1 (Plaintiff No. 31).

39. Plaintiff Dan Dawson ("Dawson") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of Dawson is attached within Exhibit 1 (Plaintiff No. 32).

40. Plaintiff Gregory Del Cid ("Del Cid") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of Del Cid is attached within Exhibit 1 (Plaintiff No. 33).

41. Plaintiff Kenneth Delcogliano ("Delcogliano") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project. The Consent Form of Delcogliano is attached within Exhibit 1 (Plaintiff No. 34).

42. Plaintiff Lori Diaz (Rocca) ("Diaz") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Diaz is attached within Exhibit 1 (Plaintiff No. 35).

43. Plaintiff Adam Dilley ("Dilley") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Dilley is attached within Exhibit 1 (Plaintiff No. 36).

44. Plaintiff Shannon Dinger ("Dinger") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Dinger is attached within Exhibit 1 (Plaintiff No. 37).

45. Plaintiff Sylvester Drain ("Drain") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Drain is attached within Exhibit 1 (Plaintiff No. 38).

46. Plaintiff Christopher Dykes ("Dykes") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Dykes is attached within Exhibit 1 (Plaintiff No. 39).

47. Plaintiff Charlie English ("English") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of English is attached within Exhibit 1 (Plaintiff No. 40).

48. Plaintiff Chris Erbach ("Erbach") resides in Illinois and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Erbach is attached within Exhibit 1 (Plaintiff No. 41).

49.     Plaintiff Robbie Ewen ("Ewen") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Ewen is attached within Exhibit 1 (Plaintiff No. 42).

50.     Plaintiff Bruce Faulkner ("Faulkner") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Faulkner is attached within Exhibit 1 (Plaintiff No. 43).

51.     Plaintiff Mark Fender ("Fender") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Fender is attached within Exhibit 1 (Plaintiff No. 44).

52.     Plaintiff Richard Finney ("R. Finney") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of R. Finney is attached within Exhibit 1 (Plaintiff No. 45).

53.     Plaintiff Virginia Finney ("V. Finney") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of V. Finney is attached within Exhibit 1 (Plaintiff No. 46).

54.     Plaintiff Linda Ford ("Ford") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Ford is attached within Exhibit 1 (Plaintiff No. 47).

55.     Plaintiff Jason Fowler ("J. Fowler") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of J. Fowler is attached within Exhibit 1 (Plaintiff No. 48).

56.     Plaintiff Michael Fowler ("M. Fowler") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of M. Fowler is attached within Exhibit 1 (Plaintiff No. 49).

57.     Plaintiff Clifton Franklin ("Franklin") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Franklin is attached within Exhibit 1 (Plaintiff No. 50).

58.     Plaintiff Sanford "Andy" French ("French") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of French is attached within Exhibit 1 (Plaintiff No. 51).

59.     Plaintiff Donald Fritz ("Donald Fritz") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Donald Fritz is attached within Exhibit 1 (Plaintiff No. 52).

60.     Plaintiff Dennis Fritz ("Dennis Fritz") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Dennis Fritz is attached within Exhibit 1 (Plaintiff No. 53).

61.     Plaintiff Brian Fussell ("Fussell") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Fussell is attached within Exhibit 1 (Plaintiff No. 54).

62.     Plaintiff Marlin Germany ("Germany") resides in Tennessee and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Germany is attached within Exhibit 1 (Plaintiff No. 55).

63.     Plaintiff Billy Gipson ("Gipson") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Gipson is attached within Exhibit 1 (Plaintiff No. 56).

64.     Plaintiff Leslie Glade ("Glade") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Glade is attached within Exhibit 1 (Plaintiff No. 57).

65.     Plaintiff Daniel Glover ("Glover") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Glover is attached within Exhibit 1 (Plaintiff No. 58).

66.     Plaintiff Cynthia Gonzalez ("Gonzalez") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Gonzalez is attached within Exhibit 1 (Plaintiff No. 59).

67.     Plaintiff Terrell Greene ("Greene") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Greene is attached within Exhibit 1 (Plaintiff No. 60).

68.     Plaintiff Richard Grossman ("Grossman") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Grossman is attached within Exhibit 1 (Plaintiff No. 61).

69.     Plaintiff Bobby Grubbs ("Grubbs") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Grubbs is attached within Exhibit 1 (Plaintiff No. 62).

70.     Plaintiff Lance Guinn ("Guinn") resides in Oklahoma and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Guinn is attached within Exhibit 1 (Plaintiff No. 63).

71.     Plaintiff James Hall ("Hall") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Hall is attached within Exhibit 1 (Plaintiff No. 64).

72.     Plaintiff Jeff Hardigree ("Hardigree") resides in Georgia and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Hardigree is attached within Exhibit 1 (Plaintiff No. 65).

73.     Plaintiff Allen Hayward ("Hayward") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Hayward is attached within Exhibit 1 (Plaintiff No. 66).

74.     Plaintiff Matthew Head ("Head") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Head is attached within Exhibit 1 (Plaintiff No. 67).

75.     Plaintiff Roberto Herrera ("Herrera") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Herrera is attached within Exhibit 1 (Plaintiff No. 68).

76.     Plaintiff Kenneth Horne, Jr. ("Horne") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Horne is attached within Exhibit 1 (Plaintiff No. 69).

77.     Plaintiff Ronald Horst ("Horst") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Horst is attached within Exhibit 1 (Plaintiff No. 70).

78.     Plaintiff Eric Howell ("Howell") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Howell is attached within Exhibit 1 (Plaintiff No. 71).

79.     Plaintiff Greg Jack ("G. Jack") resides in Arkansas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of G. Jack is attached within Exhibit 1 (Plaintiff No. 72).

80.     Plaintiff Elizabeth Jack ("E. Jack") resides in Arkansas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of E. Jack is attached within Exhibit 1 (Plaintiff No. 73).

81.     Plaintiff Dale Jackson ("Jackson") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Jackson is attached within Exhibit 1 (Plaintiff No. 74).

82.     Plaintiff Wanda Jacobs ("W. Jacobs") resides in North Carolina and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of W. Jacobs is attached within Exhibit 1 (Plaintiff No. 75).

83.     Plaintiff Elwood Jacobs ("E. Jacobs") resides in North Carolina and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of E. Jacobs is attached within Exhibit 1 (Plaintiff No. 76).

84.     Plaintiff Corey Jacobson ("Jacobson") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Jacobson is attached within Exhibit 1 (Plaintiff No. 77).

85.     Plaintiff Dale Jakeway ("Jakeway") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Jakeway is attached within Exhibit 1 (Plaintiff No. 78).

86.     Plaintiff Paul Johnson ("Johnson") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Johnson is attached within Exhibit 1 (Plaintiff No. 79).

87.     Plaintiff Wayne E. Jones ("W. Jones") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of W. Jones is attached within Exhibit 1 (Plaintiff No. 80).

88.     Plaintiff Delia Jones ("D. Jones") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of D. Jones is attached within Exhibit 1 (Plaintiff No. 81).

89.     Plaintiff Mary Kelly ("Kelly") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Kelly is attached within Exhibit 1 (Plaintiff No. 82).

90.     Plaintiff Mark Kemp ("Kemp") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Kemp is attached within Exhibit 1 (Plaintiff No. 83).

91.     Plaintiff Warren Kopecky ("Kopecky") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Kopecky is attached within Exhibit 1 (Plaintiff No. 84).

92.     Plaintiff Joseph Ladd ("Ladd") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Ladd is attached within Exhibit 1 (Plaintiff No. 85).

93.     Plaintiff Guillermo Lago ("Lago") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lago is attached within Exhibit 1 (Plaintiff No. 86).

94.     Plaintiff Carita Langham-Williams ("Langham-Williams") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Langham-Williams is attached within Exhibit 1 (Plaintiff No. 87).

95.     Plaintiff Maria Lara ("Lara") resides in Illinois and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lara is attached within Exhibit 1 (Plaintiff No. 88).

96.     Plaintiff Clayton Leverett ("Leverett") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Leverett is attached within Exhibit 1 (Plaintiff No. 89).

97.     Plaintiff Brandon Lewis ("Lewis") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lewis is attached within Exhibit 1 (Plaintiff No. 90).

98.     Plaintiff Robert Lindley ("Lindley") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lindley is attached within Exhibit 1 (Plaintiff No. 91).

99.     Plaintiff Dean Lucius ("Lucius") resides in Illinois and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lucius is attached within Exhibit 1 (Plaintiff No. 92).

100.    Plaintiff Don Lynch ("Lynch") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Lynch is attached within Exhibit 1 (Plaintiff No. 93).

101.    Plaintiff Michael Mackey ("Mackey") resides in Oklahoma and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Mackey is attached within Exhibit 1 (Plaintiff No. 94).

102.    Plaintiff James Mark ("Mark") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Mark is attached within Exhibit 1 (Plaintiff No. 95).

103.    Plaintiff Kenneth Mattair ("Mattair") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Mattair is attached within Exhibit 1 (Plaintiff No. 96).

104.    Plaintiff Suzie Maxwell ("Maxwell") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Maxwell is attached within Exhibit 1 (Plaintiff No. 97).

105.    Plaintiff Chris Mayes ("Mayes") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Mayes is attached within Exhibit 1 (Plaintiff No. 98).

106.    Plaintiff Michael McCain ("McCain") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of McCain is attached within Exhibit 1 (Plaintiff No. 99).

107.    Plaintiff Rebecca McCoy ("McCoy") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of McCoy is attached within Exhibit 1 (Plaintiff No. 100).

108.    Plaintiff Ernest McLean ("McLean") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of McLean is attached within Exhibit 1 (Plaintiff No. 101).

109.    Plaintiff Rebekah McMaster ("McMaster") resides in Oregon and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of McMaster is attached within Exhibit 1 (Plaintiff No. 102).

110.    Plaintiff William McMurray ("McMurray") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of McMurray is attached within Exhibit 1 (Plaintiff No. 103).

111.    Plaintiff Preston Melton, Jr. ("Melton") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Melton is attached within Exhibit 1 (Plaintiff No. 104).

112.    Plaintiff Sandra Moffett ("Moffett") resides in Florida and was employed by Defendants
        a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Moffett is
        attached within Exhibit 1 (Plaintiff No. 105).

113.    Plaintiff Roy Mooney ("Mooney") resides in Mississippi and was employed by
        Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of
        Mooney is attached within Exhibit 1 (Plaintiff No. 106).

114.    Plaintiff Bryan Moore ("B. Moore") resides in Florida and was employed by Defendants
        a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of B. Moore
        is attached within Exhibit 1 (Plaintiff No. 107).

115.    Plaintiff Philip Moore ("P. Moore") resides in Georgia and was employed by Defendants
        a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of P. Moore
        is attached within Exhibit 1 (Plaintiff No. 108).

116.    Plaintiff Matthew Morgan ("Morgan") resides in Texas and was employed by Defendants
        a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Morgan is
        attached within Exhibit 1 (Plaintiff No. 109).

117.    Plaintiff Susan Morris ("Morris") resides in Florida and was employed by Defendants a
        claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Morris is
        attached within Exhibit 1 (Plaintiff No. 110).

118.    Plaintiff Peter Muller, Jr. ("Muller") resides in Florida and was employed by Defendants
        a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Muller is
        attached within Exhibit 1 (Plaintiff No. 111).

119.    Plaintiff Michael Murray ("Murray") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Murray is attached within Exhibit 1 (Plaintiff No. 112).

120.    Plaintiff Audrey Myhre ("A. Myhre") resides in Idaho and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of A. Myhre is attached within Exhibit 1 (Plaintiff No. 113).

121.    Plaintiff Dennis Myhre ("D. Myhre") resides in Idaho and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of D. Myhre is attached within Exhibit 1 (Plaintiff No. 114).

122.    Plaintiff Lanny Necaise ("Necaise") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Necaise is attached within Exhibit 1 (Plaintiff No. 115).

123.    Plaintiff Charles Newton ("Newton") resides in Georgia and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Newton  is attached within Exhibit 1 (Plaintiff No. 116).

124.    Plaintiff Kristopher Norman ("Norman") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Norman is attached within Exhibit 1 (Plaintiff No. 117).

125.    Plaintiff April Parker ("Parker") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Parker is attached within Exhibit 1 (Plaintiff No. 118).

126.   Plaintiff Wade Partridge ("Partridge") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Partridge is attached within Exhibit 1 (Plaintiff No. 119).

127.   Plaintiff Ryan Perrin ("Perrin") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Perrin is attached within Exhibit 1 (Plaintiff No. 120).

128.   Plaintiff Adam Podzemny ("Podzemny") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Podzemny is attached within Exhibit 1 (Plaintiff No. 121).

129.   Plaintiff Dwight Porshakin ("Porshakin") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Porshakin is attached within Exhibit 1 (Plaintiff No. 122).

130.   Plaintiff Chris Putman ("Putman") resides in Illinois and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Putman is attached within Exhibit 1 (Plaintiff No. 123).

131.   Plaintiff Ellis Reed ("Reed") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Reed is attached within Exhibit 1 (Plaintiff No. 124).

132.   Plaintiff Chelsey Reeves ("Reeves") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Reeves is attached within Exhibit 1 (Plaintiff No. 125).

133.   Plaintiff Martha Rehders ("Rehders") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Rehders is attached within Exhibit 1 (Plaintiff No. 126).

134.   Plaintiff Andrew Reine ("Reine") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Reine is attached within Exhibit 1 (Plaintiff No. 127).

135.   Plaintiff Thomas Richardson ("Richardson") resides in Colorado and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Richardson is attached within Exhibit 1 (Plaintiff No. 128).

136.   Plaintiff Louis Roberts ("Roberts") resides in Oklahoma and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Roberts is attached within Exhibit 1 (Plaintiff No. 129).

137.   Plaintiff Adam "Tony" Rosenberg ("Rosenberg") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Rosenberg is attached within Exhibit 1 (Plaintiff No. 130).

138.   Plaintiff Claude Royster ("Royster") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Royster is attached within Exhibit 1 (Plaintiff No. 131).

139.   Plaintiff Louis Ruffino ("Ruffino") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Ruffino is attached within Exhibit 1 (Plaintiff No. 132).

140.   Plaintiff Joshua Sanders ("Sanders") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Sanders is attached within Exhibit 1 (Plaintiff No. 133).

141.   Plaintiff Rebecca Schayot ("Schayot") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Schayot is attached within Exhibit 1 (Plaintiff No. 134).

142.   Plaintiff Lester "David" Scott ("D. Scott") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of D. Scott is attached within Exhibit 1 (Plaintiff No. 135).

143.   Plaintiff Robert Scott, Jr. ("R. Scott") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of R. Scott is attached within Exhibit 1 (Plaintiff No. 136).

144.   Plaintiff Leon Seabrooks ("Seabrooks") resides in California and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Seabrooks is attached within Exhibit 1 (Plaintiff No. 137).

145.   Plaintiff Randall Self ("R. Self") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of R. Self is attached within Exhibit 1 (Plaintiff No. 138).

146.   Plaintiff Clay Self ("C. Self") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of C. Self is attached within Exhibit 1 (Plaintiff No. 139).

147.   Plaintiff Robert Shelden ("Shelden") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Shelden is attached within Exhibit 1 (Plaintiff No. 140).

148.   Plaintiff Stephen Skrocki ("Skrocki") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Skrocki is attached within Exhibit 1 (Plaintiff No. 141).

149.   Plaintiff Keith Smith ("K. Smith") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of K. Smith is attached within Exhibit 1 (Plaintiff No. 142).

150.   Plaintiff Larry Smith ("L. Smith") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of L. Smith is attached within Exhibit 1 (Plaintiff No. 143).

151.   Plaintiff David Sokolowski ("Sokolowski") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Sokolowski is attached within Exhibit 1 (Plaintiff No. 144).

152.   Plaintiff Angel Soltero ("Soltero") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Soltero is attached within Exhibit 1 (Plaintiff No. 145).

153.   Plaintiff Ronald Sorenson ("Sorenson") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Sorenson is attached within Exhibit 1 (Plaintiff No. 146).

154.   Plaintiff Dale St. Clair ("St. Clair") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of St. Clair is attached within Exhibit 1 (Plaintiff No. 147).

155.   Plaintiff Jeffrey Paul Steeves ("Steeves") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Steeves is attached within Exhibit 1 (Plaintiff No. 148).

156.   Plaintiff Thomas Steffes ("Steffes") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Steffes is attached within Exhibit 1 (Plaintiff No. 149).

157.   Plaintiff George Sullivan ("G. Sullivan") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of G. Sullivan is attached within Exhibit 1 (Plaintiff No. 150).

158.   Plaintiff Terrance Sullivan ("T. Sullivan") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of T. Sullivan is attached within Exhibit 1 (Plaintiff No. 151).

159.   Plaintiff Jason Summerlin ("J. Summerlin") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of J. Summerlin is attached within Exhibit 1 (Plaintiff No. 152).

160.   Plaintiff Brant Summerlin ("B. Summerlin") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of B. Summerlin is attached within Exhibit 1 (Plaintiff No. 153).

161. Plaintiff Charles Summey ("Summey") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Summey is attached within Exhibit 1 (Plaintiff No. 154).

162. Plaintiff Erin Thibodeaux ("Thibodeaux") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Thibodeaux is attached within Exhibit 1 (Plaintiff No. 155).

163. Plaintiff Jay Thornton ("Thornton") resides in Tennessee and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Thornton is attached within Exhibit 1 (Plaintiff No. 156).

164. Plaintiff Thuy Tran ("Tran") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Tran is attached within Exhibit 1 (Plaintiff No. 157).

165. Plaintiff D. Brent Walker ("Walker") resides in Tennessee and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Walker is attached within Exhibit 1 (Plaintiff No. 158).

166. Plaintiff John Walet ("Walet") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Walet is attached within Exhibit 1 (Plaintiff No. 159).

167. Plaintiff Jason Walls ("Walls") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Walls is attached within Exhibit 1 (Plaintiff No. 160).

168.   Plaintiff Bethel (Paul) Warden ("Bethel Warden") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Bethel Warden is attached within Exhibit 1 (Plaintiff No. 161).

169.   Plaintiff Claudia Warden ("C. Warden") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of C. Warden is attached within Exhibit 1 (Plaintiff No. 162).

170.   Plaintiff Brian Warden ("Brian Warden") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Brian Warden is attached within Exhibit 1 (Plaintiff No. 163).

171.   Plaintiff David Weber ("Weber") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Weber is attached within Exhibit 1 (Plaintiff No. 164).

172.   Plaintiff James Wells ("J. Wells") resides in Oregon and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of J. Wells is attached within Exhibit 1 (Plaintiff No. 165).

173.   Plaintiff Bruce Wells ("B. Wells") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of B. Wells is attached within Exhibit 1 (Plaintiff No. 166).

174.   Plaintiff Linda West ("West") resides in Georgia and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of West is attached within Exhibit 1 (Plaintiff No. 167).

175.   Plaintiff Brandy Wheat ("Wheat") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Wheat is attached within Exhibit 1 (Plaintiff No. 168).

176.   Plaintiff Jonathan Whitaker ("Whitaker") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Whitaker is attached within Exhibit 1 (Plaintiff No. 169).

177.   Plaintiff Fred White ("F. White") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of F. White is attached within Exhibit 1 (Plaintiff No. 170).

178.   Plaintiff Tom White ("T. White") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of T. White is attached within Exhibit 1 (Plaintiff No. 171).

179.   Plaintiff Byron Wild ("Wild") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Wild is attached within Exhibit 1 (Plaintiff No. 172).

180.   Plaintiff Jeffrey Williams ("Williams") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Williams is attached within Exhibit 1 (Plaintiff No. 173).

181.   Plaintiff Richard Wolfe ("Wolfe") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Wolfe is attached within Exhibit 1 (Plaintiff No. 174).

182.  Plaintiff Ronald Wright ("Wright") resides in Mississippi and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Wright is attached within Exhibit 1 (Plaintiff No. 175).

183.  Plaintiff Milford Yeager ("Yeager") resides in Alabama and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Yeager is attached within Exhibit 1 (Plaintiff No. 176).

184.  Plaintiff Shawn York ("York") resides in Florida and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of York is attached within Exhibit 1 (Plaintiff No. 177).

185.  Plaintiff John Young ("J. Young") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of J. Young is attached within Exhibit 1 (Plaintiff No. 178).

186.  Plaintiff Marc Young ("M. Young") resides in Texas and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of M. Young is attached within Exhibit 1 (Plaintiff No. 179).

187.  Plaintiff Anthony Zanca ("Zanca") resides in Louisiana and was employed by Defendants a claims adjuster/evaluator for the BP Oil Spill Project.  The Consent Form of Zanca is attached within Exhibit 1 (Plaintiff No. 180).

188.  Defendant Worley Catastrophe Response, LLC ("WCR") (hereinafter collectively referred to as "Worley" together with Defendant Worley Catastrophe Services, LLC), is a corporation foreign to Louisiana which, among other things, provides catastrophe response services including claims adjustment, and maintains a presence and corporate

address in Hammond, Tangipahoa Parish, Louisiana 70404.  WCR may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being James R. Lewis, 450 Laurel St., Suite 1600, Baton Rouge, Louisiana 70801.

189.   Defendant Worley Catastrophe Services, LLC ("WCS") (hereinafter collectively referred to as "Worley" together with Defendant Worley Catastrophe Response, LLC), is a limited liability company foreign to Louisiana which, among other things, provides catastrophe response services including claims adjustment, and maintains a presence and corporate address in Hammond, Tangipahoa Parish, Louisiana 70404.  WCS may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being James R. Lewis, 450 Laurel St., Suite 1600, Baton Rouge, Louisiana 70801.

190.   Defendant Michael Allen Worley ("Mr. Worley") is an individual and the CEO and President, sole owner, and sole officer of both WCR and WCS.  Mr. Worley may be served with process by delivering a copy of the Summons and Complaint to him at his office located at 116 Robinhood Drive, Hammond, Louisiana 70403, or wherever he may be found.

## INDIVIDUAL LIABILITY

191.   At all relevant times, Mr. Worley acted and acts directly in the interests of Worley in relation to its employees.  Thus, he was and is an employer of the Plaintiffs and others similarly situated, within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and is jointly, severally, and individually liable along with Worley.

192.   Mr. Worley exercised operational control of Worley by, among other things, controlling the companies' finances, negotiating the contracts with Defendants' customers and by leasing facilities for Defendants' employees to work in.

193.   Mr. Worley was the only one who had the authority to set and make changes to the compensation system Worley used for Plaintiffs, and others similarly situated.

194.   Defendants paid a $450 day rate to Plaintiffs based on Defendants' tradition of paying that rate on environmental claims, with $100 of the $450 initially reported on a 1099 rather than as W-2 wages.

195.   When the IRS investigated Worley for its improper 1099 payments (discussed further below), Mr. Worley made the decision to resolve the Agency's claims and negotiated the settlement with the IRS.

196.   Mr. Worley also changed employee compensation by reclassifying the $100 1099-payment per day of work into W-2 wages and Mr. Worley issued a memo to employees informing them of this conversion of 1099 payments to wages.

197.   In February 2011, when Plaintiffs had their wages changed to $425 per day, Mr. Worley's direct reports, Allen Carpenter and Charlie Bilbe, changed the pay rates only because they had the approval of Mr. Worley.

198.   Mr. Worley is the ultimate decision maker with respect to the pay rates that classes of employees, such as the BP Oil Spill Project claims adjusters/evaluators, are paid.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

199.   At all relevant times, Worley has engaged in related activities performed through unified operation or common control for a common business purpose; has employees engaged in

interstate commerce or in the production of goods for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce; and has annual gross volume of sales made or business done of not less than $500,000.   Worley, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA (29 U.S.C. § 203(r) & (s).

200.   In addition, in connection with their employment with Worley, Plaintiffs engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) and 207(a)(1).

### JOINT EMPLOYER FACTS

201.   Defendants are joint employers of the Plaintiffs, and other similarly situated claims adjusters/evaluators, within the meaning of the FLSA.

202.   Plaintiffs' employment applications were in WCR's name.

203.   The pre-employment background checks were ordered by WCR.

204.   Although Plaintiffs' paychecks were issued by WCS, the Direct Deposit forms that Plaintiffs executed to receive their pay had the "Worley Catastrophe Response" logo at the top of the forms.

205.   Although Plaintiffs' paychecks were issued by WCS, WCR received all of the revenue from the Plaintiffs' work efforts.

206.   Some of the Plaintiffs' paystubs were issued by "The Worley Companies," a WCR trade name.

207.   A memo that Michael Worley distributed in the Fall of 2010 about changes in the tax treatment of wages taking effect on October 1, 2010 and the discontinuance of paper

payroll checks effective December 1, 2010 was on "Worley Catastrophe Response" letterhead.

208.    Written employment agreements that were executed by Plaintiffs include a header listing "Worley Catastrophe Response, LLC."

209.    Plaintiffs' I-9's listed WCR (instead of WCS) as the employer.

210.    Defendant's employee handbook is a WCR document and contained several personnel policy statements that Plaintiffs were required to sign.

211.    The "Confidentiality Agreements" that Plaintiffs were required to sign were in the name of WCR.

212.    Defendants' harassment policies were in the name of WCR.

213.    Defendants' IT policies were in the name of WCR.

214.    Defendants' drug-free workplace policies were in the name of WCR.

215.    Defendants' personal vehicle usage policies were in the name of WCR.

216.    Defendants' data protection policies were in the name of WCR.

217.    Defendants' dress code was promulgated by WCR.

218.    Defendants' conflict of interest policy was promulgated by WCR.

219.    Defendants' business conduct guidelines were promulgated by WCR.

220.    Several of Plaintiffs' personnel documents include the WCR-owned service mark of the word Worley in bold type adjacent to two parallelograms resembling hurricane warning flags.

221.    WCR and WCS share office space.

222.  Worley's website (www.worleyco.com) identified "Worley Catastrophe Response" as the operating company and employer, including specifically on the BP Oil Spill Project (and the website did not mention WCS).

223.  WCR and WCS share and have a perfect identity of officers – namely, Michael Worley, CEO and President of both companies.

224.  Allen Carpenter, Defendants' Manager of Corporate Compliance, testified in the *Altier* case that he is employed by both WCR and WCS.

225.  Michael "Charlie" Bilbe, Defendants' Director of Environmental Services, declared under oath in the *Altier* case that he is employed by WCR, even though he performed services for WCS.

226.  Steve Castleberry (who recruited Plaintiffs to work on the BP Oil Spill Project) was employed by both WCR and WCS.

227.  Eddie Landrum (who recruited Plaintiffs to work on the BP Oil Spill Project) was employed by both WCR and WCS.

## BACKGROUND AND STATEMENT OF CLAIMS

228.  Pursuant to its obligations under the law as the "responsible party," BP established a procedure for the payment of claims for interim, short-term damages from the BP Oil Spill.  BP contracted with Worley to implement the procedure and assist in handling the interim claims arising from the BP Oil Spill.

229.  Worley hired and supervised the daily work of the Plaintiffs, and all similarly situated claims adjusters/evaluators engaged in evaluating interim claims arising from the BP Oil Spill.

230.   Subsequently, BP established the Gulf Coast Claims Facility ("GCCF") under the direction of Ken Feinberg to pay further claims arising from the BP Oil Spill.

231.   Mr. Feinberg and his staff assumed joint supervision with Worley of the claims evaluating operation established by Worley, including the Plaintiffs and all similarly situated claims adjusters (now called "evaluators") to carry out BP's obligations related to economic damage from the BP Oil Spill.

232.   The Plaintiffs, and all similarly situated claims adjusters/evaluators, were performing work which simultaneously benefitted and benefits Defendants WCR and WCS, who are joint employers pursuant to the FLSA of the Plaintiffs and all similarly situated adjusters/evaluators of claims related to the BP Oil Spill.

233.   Plaintiffs were among approximately 1,300 claims adjusters/evaluators employed by Worley to work on the BP Oil Spill Project that Judge Wilkinson previously conditionally certified for collective treatment under the FLSA in the prior *Altier* Case. As noted at the outset, the Plaintiffs (including any additional putative plaintiffs) in this action did not participate in the *Altier* Case. Plaintiffs estimate that there are approximately 800 additional claims adjusters/evaluators who are eligible to participate as class members in this FLSA collective action.

234.   The Plaintiffs' primary job functions, and the primary job function of the other claims adjusters/evaluators, was to respond to the damage claims from individuals and business owners affected by the BP Oil Spill to determine the extent of their losses due to the effects of the oil spill caused by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico.

235.   The Plaintiffs, and all other similarly situated claims adjusters/evaluators, were paid on a daily rate of pay.  (See 29 C.F.R. § 778.112.)

236.   The Plaintiffs, and all other similarly situated claims adjusters/evaluators, were specifically paid the daily rate of pay for a 12-hour (later 10-hour) day. That is, the Plaintiffs, and all other similarly situated claims adjusters/evaluators, were initially expected to work a minimum of twelve (12) hours per day for their daily rate of pay (i.e., from 7 a.m. to 7 p.m.).

237.   Worley made payroll tax withholdings from the day rate paid to the Plaintiffs, and other similarly situated claims adjusters/evaluators, and reported their income to the IRS by W-2 Forms.

238.   Until October 1, 2010, Worley improperly allocated $100 per day of the Plaintiffs' pay to a Form 1099 (as opposed to a Form W-2) without making the necessary employer and employee tax withholdings – and thereby left the Plaintiffs wholly responsible for Worley's share of employment taxes.  Even though Worley had been making these improper tax allocations for years, Worley did not inform the Plaintiffs in their recruiting calls that the 1099/W-2 split would be made to their day rate.

239.   Further demonstrating Worley's bad faith in its payment of wages to the Plaintiffs, even after the IRS investigated Worley for this, Worley did nothing to square up with the Plaintiffs to cover the employer's share of the payroll tax obligations for the $100 per day it had previously misclassified as "1099" earnings, and Worley did not even advise

Plaintiffs that they were going to face extra tax consequences on their 2010 tax returns because of the improper 1099 reporting that had made in the period between April-September, 2010.

240. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, worked significantly more than forty (40) hours in almost all workweeks.

241. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, did not, and do not, supervise two or more workers on a regular basis.

242. The primary duty of the Plaintiffs, and all other similarly situated claims adjusters/evaluators, is production work, not administrative work.

243. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

244. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, were non-exempt within the meaning of the FLSA.

245. Notwithstanding the fact that the Plaintiffs, and all other similarly situated claims adjusters/evaluators, were non-exempt, Worley never paid the Plaintiffs, or any other similarly situated claims adjusters/evaluators, any overtime.

246. Worley was required to pay the Plaintiffs, and all other similarly situated claims adjusters/evaluators, as non-exempt employees at the rate of one-half their regular rate of pay for any hours worked in excess of forty (40) hours in a workweek.

247. Worley knew it was required by the FLSA to pay the Plaintiffs the extra one-half overtime rate for their overtime work.

248.   Worley knowingly, intentionally and/or recklessly failed to pay the Plaintiffs, and all other similarly situated claims adjusters/evaluators, any overtime.

249.   The failure to pay overtime was a violation of §§207(a) and 15(a)(2) of the FLSA.

250.   After the 1099 IRS investigation arose, Worley did not reexamine its compensation structure for Plaintiffs other than to stop the improper 1099 tax reporting.  Charlie Bilbe testified in the *Altier* Case that before that lawsuit, there were no plans to change the compensation plan for claims adjusters/evaluators working on environmental catastrophes.  The *Altier* Case was filed on February 4, 2011.  After the *Altier* Case was filed, Worley did nothing to change its illegal compensation structure for the adjusters/evaluators working on the BP Oil Spill Project for several months.  Thus, even with the *Altier* Case explicitly laying out how Worley had violated the FLSA, Worley continued to reap the benefits of the 20-44 hours of overtime each week that class members logged without paying the overtime premiums required under the FLSA.  Worley's continued acceptance of such considerable overtime work without proper compensation is further evidence of its lack of good faith and willfulness in violating the FLSA.

251.   Worley allegedly changed its illegal compensation system in or about November 2011, but did not notify the Plaintiffs who still worked for Worley on the BP Oil Spill Project, and others similarly situated, about any changes in an obvious attempt to continue to hide their violations of the FLSA from Plaintiffs.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

252.    There is a class of approximately 1,300 (less participants in the earlier *Altier* case) other claims adjusters/evaluators who have performed work for Defendants similar to the Plaintiffs since June 2010 on the BP Oil Spill Project.

253.    Judge Wilkinson previously conditionally certified a collective action under the FLSA against Defendants on behalf of the claims adjusters/evaluators who performed work similar to the Plaintiffs on the BP Oil Spill Project.

254.    The similarly situated claims adjusters/evaluators have been paid a daily rate of pay without any overtime pay.

255.    The primary duty of the similarly situated claims adjusters/evaluators is production work, not administrative work.

256.    The similarly situated claims adjusters/evaluators were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

257.    The similarly situated claims adjusters/evaluators have been non-exempt within the meaning of the FLSA.

258.    The similarly situated claims adjusters/evaluators have worked ten (10) to twelve (12) hours in many days and more than forty (40) hours in many workweeks since June, 2010.

259.    The similarly situated claims adjusters/evaluators have not been paid for overtime at half the regular rate of pay for hours worked in excess of forty (40) hours since June, 2010.

260.    The similarly situated claims adjusters/evaluators are entitled to payment of overtime at the rate of one-half their regular rate of pay since June, 2010.

261. The similarly situated employees of Defendants on whose behalf this lawsuit is brought include all present and former employees of Defendants who have held the position of claims adjuster/evaluator, or who have performed duties similar to the duties performed by the Plaintiffs since June, 2010. These individuals have been subject to the same policies and practices as the Plaintiffs regarding non-payment of overtime wages at half their regular rate of pay.

262. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay the Plaintiffs, and all other similarly situated claims adjusters/evaluators, overtime compensation required by the FLSA in workweeks in which such employees have worked in excess of forty (40) hours.

263. Defendants' violations have been willful.

264. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

265. There are no conflicts of interest among the class members.

266. Counsel for the Plaintiffs is experienced in the field of employment law (including overtime claims under the FLSA), and class actions, and will fairly and competently represent the interests of the class members.


**COUNT I: OVERTIME - FAIR LABOR STANDARDS ACT (FLSA)**
**(INDIVIDUAL AND CLASS/COLLECTIVE ACTION)**

267. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, are non-exempt.  The Plaintiffs, and all other similarly situated claims adjusters/evaluators, are

entitled to overtime at a rate of one-half their regular rate of pay for any hours worked in excess of forty (40) hours per week.

268. The Plaintiffs, and all other similarly situated claims adjusters/evaluators, have worked in excess of ten (10) to twelve (12) hours in many days and more than forty (40) hours in many workweeks since June, 2010.

269. Defendants have failed to pay overtime to the Plaintiffs, and all other similarly situated claims adjusters/evaluators, for hours worked in excess of forty (40) hours in many workweeks since June, 2010.

270. Defendants' failure to pay overtime was willful.

<u>**PRAYER**</u>

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.     Order Defendants, individually and severally, to make the Plaintiffs, and all other similarly situated claims adjusters/evaluators, whole by paying overtime wages due;

B.     Order Defendants, individually and severally, to pay interest and liquidated damages on wages owed;

C.     Order Defendants, individually and severally, to pay costs and attorneys' fees incurred by the Plaintiffs and all other similarly situated claims adjusters/evaluators;

D.     Grant such further relief as the Court deems necessary and proper.

**RESPECTFULLY SUBMITTED,**

___/J.P. Hughes, Jr./_____
**J.P. Hughes, Jr.**
LA Bar # 21302
**HUGHES BROWN, PLLC**
1300 Access Road, Suite 100
Oxford, Mississippi 38655
T: [662] 234-6080
F: [800] 515-5446

**Michael A. Starzyk**
TX Bar # 00788461*
**April L. Walter**
TX Bar # 24052793*
**Hessam Parzivand**
Texas Bar # 24071157*
**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380
T: [281] 364-7261
F: [281] 364-7533


**Joseph E. Fieschko Jr.**
PA Bar # 28797*
**FIESCHKO AND ASSOCIATES, NC.**
2230 Koppers Building
Pittsburgh, Pennsylvania 15219
T:  [412] 281-2204
F:  [412] 338-9169

**John R. Linkosky**
PA Bar # 66011*
**JOHN LINKOSKY & ASSOCIATES**
715 Washington Avenue
Carnegie, Pennsylvania 15106
T:  [412] 278-1280
F:  [412] 278-1282

*Applications for Admission Pro Hac Vice
Are Pending*

**COUNSEL FOR PLAINTIFFS**