UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN AKINS ET AL.                          CIVIL ACTION

VERSUS                                     NO. 12-2401

WORLEY CATASTROPHE                         MAGISTRATE JUDGE
RESPONSE, LLC ET AL.                       JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

John Akins and 179 other named plaintiffs, individually on and on behalf of all similarly situated claims adjusters (a/k/a claims evaluators), filed this putative collective action under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b). Additional plaintiffs filed consent forms to opt in, bringing the total number of plaintiffs to 235 as of March 14, 2013. Plaintiffs allege that their former employers, Worley Catastrophe Response, LLC, Worley Catastrophe Services, LLC (collectively "Worley") and Michael Allen Worley ("Mr. Worley"), failed to pay them overtime wages as required by the statute. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties. Record Doc. No. 26.

Plaintiffs filed a motion for conditional certification as a collective action pursuant to 29 U.S.C. § 216(b). Record Doc. No. 71. They seek the court's approval of a proposed notice of the collective action to be sent to potential members and of a schedule

for members to opt in to the action. Plaintiffs also ask that Worley be compelled to provide them with contact information for all potential class members.

Worley filed a timely opposition memorandum. Record Doc. No. 77. Plaintiffs received leave to file a reply memorandum. Record Doc. Nos. 79, 80, 81.

Having considered the record; the complaint, as amended; the submissions and arguments of the parties; and the applicable law, IT IS ORDERED that plaintiff's motion to certify a collective class is GRANTED, but only as to "conditional certification," as discussed below.

I.    CONDITIONAL CERTIFICATION

Plaintiffs allege that Worley violated the FLSA by paying them a per diem wage, or day rate, for each day worked, without paying overtime for work in excess of 40 hours per week. To support their motion, plaintiffs submitted portions of four depositions taken in the previous, conditionally certified collective action in this court, John J. Altier, et al. v. Worley Catastrophe Response, LLC, et al., Civil Action No. 11-241, consolidated with No. 11-242, which raised identical claims as in the instant case on behalf of a larger set of claim evaluators and which was settled before the instant case was filed. Plaintiffs have also provided the court with Worley's time sheet policy; a sample time sheet; Worley Catastrophe Services, LLC's responses to plaintiffs' first set of interrogatories in Altier; defendants' memorandum in opposition to plaintiffs' motion for partial summary judgment in Altier; a sample addendum of employment contract; a

2

sample payment method notification memorandum from Worley Catastrophe Services, LLC; a memorandum signed by Mr. Worley; and the affidavits of plaintiffs' attorneys.

Plaintiffs allege in their complaint that Worley's failure to pay the evaluators for overtime violated Section 207(a)(1) of the FLSA, which requires an employer to pay overtime compensation to non-exempt employees who work more than 40 hours per week.  The FLSA provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Plaintiffs argue in their motion for conditional certification that, pursuant to a Worley policy that affected all similarly situated evaluators, they were paid a day rate without any guaranteed salary compensation or overtime, in violation of 29 C.F.R. § 778.112, which provides:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked.  He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

However, the FLSA exempts from the overtime provisions of Section 207(a)(1) "any employee employed in a bona fide executive, administrative, or professional

3

capacity." 29 U.S.C. § 213(a)(1). Worley argues that Akins and the other claims evaluators whom he seeks to represent in this action are executive, administrative and/or highly compensated employees, who are therefore exempt from the overtime compensation mandate of Section 207(a)(1). See 29 C.F.R. §§ 541.200, 541.214(a) (administrative employee); id. § 541.100 (executive employee); id. § 541.601 (highly compensated employees).

Section 216(b) of the FLSA grants employees a collective cause of action to recover overtime compensation and liquidated damages against an employer who violates Section 207.

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . , and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

In the instant motion, plaintiffs seek to certify a Section 216(b) class consisting of

> all current and former employees of Worley Catastrophe Response, LLC and/or Worley Catastrophe Services, LLC (collectively "Worley"), who:

4

Occupied the position(s) of claims adjuster (a/k/a claims evaluator) in support of Worley's role in providing services related to business and property damages arising from the 2010 explosion at the Deepwater Horizon offshore drilling rig operated by BP Exploration & Production Inc. ("BP");

Were paid a daily or hourly rate of pay for their services;

Worked more than 40 hours in workweeks without being paid overtime premium wages for the hours worked over 40 pursuant to the federal Fair Labor Standards Act; and

Did not participate in the earlier, related case of John J. Altier, et al. v. Worley Catastrophe Response, LLC, et al., Civil Action No. 11-241, consolidated with Civil Action No. 11-242.

Record Doc. No. 71, at pp. 1-2.

The Fifth Circuit in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled in part on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), approved a two-step, conditional certification process for a collective action brought pursuant to Section 216(b) of the FLSA.[1]  Under this procedure, which was based on Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987), the district court first determines whether the named plaintiff is "similarly situated" to the proposed class members, as required by Section 216(b).  Mooney, 54 F.3d at 1212; accord Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010); Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915 n.2 (5th Cir. 2008).

---

[1]Mooney was a collective action brought under the Age Discrimination in Employment Act, which incorporates Section 216(b) of the FLSA.  Id. (citing 29 U.S.C. § 626(b)).  Thus, collective action cases brought under the Age Discrimination in Employment Act are persuasive when interpreting Section 216(b) of the FLSA.

The Fifth Circuit in <u>Mooney</u> also approved another model of determining Section 216(b) certification, which was based on <u>Shushan v. Univ. of Colo.</u>, 132 F.R.D. 263 (D. Colo. 1990). "<u>Shushan</u> espouses the view that § [216(b)] merely breathes new life into the so-called 'spurious' class action procedure previously eliminated from Fed. R. Civ. P. 23. . . . In other words, the court looks at 'numerosity,' 'commonality,' 'typicality' and 'adequacy of representation' to determine whether a class should be certified." <u>Mooney</u>, 54 F.3d at 1214.

Although the Fifth Circuit has refused to endorse either of the two models as the preferred method, district courts in this circuit agree that "the <u>Lusardi</u> approach has been 'embraced' more often in the Fifth Circuit than the 'Spurious Class Action' [approach] found in <u>Shushan</u>." <u>England v. New Century Fin. Corp.</u>, 370 F. Supp. 2d 504, 509 (M.D. La. 2005) (quoting <u>Basco v. Wal-Mart Stores, Inc.</u>, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004)); <u>accord</u> <u>West v. Lowes Home Ctrs., Inc.</u>, No. 6: 09-1310, 2010 WL 5582941, at *4 (W.D. La. Dec. 16, 2010), <u>report & recommendation adopted</u>, 2011 WL 126908 (W.D. La. Jan. 14, 2011) (citing <u>Lang v. DirecTV, Inc.</u>, 735 F. Supp. 2d 421 (E.D. La. 2010)). Accordingly, I will use the <u>Lusardi</u> approach approved in <u>Mooney</u>.

The FLSA does not define "similarly situated," and the Fifth Circuit has "not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly

situated' to advance their claims together in a single § 216(b) action."  Acevedo, 600

F.3d at 518-19.  The cases that have interpreted this section of the FLSA

> are remarkable in that they do not set out a definition of "similarly situated," but rather they define the requirement by virtue of the factors considered in the "similarly situated" analysis.  In other words, this line of cases, by its nature, does not give a recognizable form to an ADEA [or FLSA] representative class, but lends itself to ad hoc analysis on a case-by-case basis.

Mooney, 54 F.3d at 1213.  Thus, under the Lusardi approach,

> the trial court approaches the "similarly situated" inquiry via a two-step analysis.  The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision–usually based only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, [FN8] and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.
>> [FN8]  At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination [or a violation of the FLSA].

Id. at 1213-14 & n.8 (quotations and citations omitted) (emphasis added).

Under this lenient, two-step process, if conditional certification is granted, the

employer later may file a motion for decertification after more extensive discovery has

been completed.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.  At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.   If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  The class representatives–i.e. the original plaintiffs–proceed to trial on their individual claims.

Id. at 1214.

The issue presented by plaintiffs' motion at this conditional certification stage is whether the named plaintiffs are "similarly situated" to the class members whom they seek to represent.  Because the court's analysis is an ad hoc one, based on the facts of this particular case, other decisions that have conditionally certified, declined to certify or decertified conditional classes are not extremely useful in determining whether plaintiffs are "similarly situated" to potential class members.   However, this court's prior conditional certification of a collective action in Altier is highly relevant.  This court in Altier found that, under the lenient Lusardi standard, named plaintiff Altier was similarly situated to members of the potential collective action class, which was defined identically to the current proposed class (with the exception that none of the plaintiffs who participated in Altier can be a member of the proposed Akins class).

Worley contends that the instant action should not be conditionally certified because the parties already pursued extensive discovery in Altier and the court therefore

should apply the stricter, second-step <u>Lusardi</u> standard that is typically used at the

decertification stage.  I do not accept this argument.

> Sometimes, as in the instant case, the parties will have engaged in discovery, perhaps limited or perhaps extensive, and so the standard for certification at the notice stage will appropriately be less lenient.  But the fact that some discovery has been conducted <u>does not increase the plaintiffs' burden at the conditional certification stage to the more onerous standard that applies at the second, decertification stage</u>.  That standard is only appropriate after discovery is largely complete and the case is ready for trial.

<u>Clay v. Huntington Ingalls Inc.</u>, No. 09-7625, 2011 U.S. Dist. LEXIS 155351, at *9-10

(E.D. La. Sept. 29, 2011) (citing <u>Mooney</u>, 54 F.3d at 1214; <u>McKnight v. D. Houston,

Inc.</u>, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010)) (emphasis added).  Although extensive

discovery was accomplished in <u>Altier</u>, such evidence was never presented to the court

in conjunction with a decertification motion.  The parties settled the case before any such

motion was filed.

In support of its argument that plaintiffs in the instant case are not similarly

situated, Worley cites one paragraph from this court's 30-page opinion approving the

settlement in <u>Altier</u>.  However, the fairness determination in <u>Altier</u> was made in the

context of the parties' joint motion for approval of their settlement agreement, <u>not</u> under

the fact-intensive, second-stage <u>Lusardi</u> analysis.  The court discussed in that opinion that

the decertification stage, if it would have arrived in the absence of a settlement, would

have required the presentation of much more evidence that plaintiffs were similarly

situated than at the first step of the <u>Lusardi</u> analysis, which is the stage of the current <u>Akins</u> case.  The fairness opinion analyzed numerous factors to decide whether the settlement involved the resolution of a bona fide dispute over an FLSA provision and whether the settlement was reasonable.  The evidence before the court in <u>Altier</u> at the settlement approval stage, the standards of review and the court's findings for those purposes did <u>not</u> amount to a fact-based finding that plaintiffs were not similarly situated for collective action decertification purposes in that case, or for conditional certification in this one.

The cases in which conditional certification has been granted or upheld are clear that the "similarly situated" standard at the initial conditional certification stage is <u>lenient</u>, plaintiff's burden is <u>not</u> heavy, the evidence needed is minimal and the existence of some variations between potential claimants is <u>not</u> determinative of lack of similarity. <u>E.g.</u>, <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1217-19 (11th Cir. 2001); <u>Mooney</u>, 54 F.3d at 1213-14; <u>West</u>, 2010 WL 5582941, at *7-9; <u>Longcrier v. HL-A Co.</u>, 595 F. Supp. 2d 1218, 1236 (S.D. Ala. 2008) (citing <u>Thiessen v. Gen. Elec. Capital Corp.</u>, 267 F.3d 1095, 1102 (10th Cir. 2001); <u>Russell v. Ill. Bell Tel. Co.</u>, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008); <u>Rubery v. Buth-Na-Bodhaige, Inc.</u>, 569 F. Supp. 2d 334, 337 (W.D.N.Y. 2008); <u>Bouaphakeo v. Tyson Foods, Inc.</u>, 564 F. Supp. 2d 870, 896 (N.D. Iowa  2008); <u>Bowens v. Atlantic Maint. Corp.</u>, 546 F. Supp. 2d 55, 82-83 (E.D.N.Y. 2008)).

At a minimum, there must be "meaningful 'identifiable facts or legal nexus [that] bind the claims,'" <u>Simmons v. T-Mobile</u>, No. H-06-1820, 2007 WL 210008, at * 8 (S.D. Tex. Jan. 24, 2007) (citation omitted), "so that hearing the cases together furthers the purposes of . . . § 216, is fair to both parties, and does not result in an unmanageable trial." <u>Falcon v. Starbucks Corp.</u>, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008). "Courts have repeatedly stressed that Plaintiffs must only be similarly–not identically–situated to proceed collectively." <u>Id.</u> at 534 (citing <u>Hipp</u>, 252 F.3d at 1217; <u>Reyes v. Tex. EZPawn, L.P.</u>, No. V-03-128, 2007 WL 101808 , at *1 (S.D. Tex. Jan. 8, 2007); <u>Hill v. Muscogee Cnty. Sch. Dist.</u>, No. 4:03-CV-60, 2005 WL 3526669, at *2 (M.D. Ga. Dec. 20, 2005); <u>Basco</u>, 2004 WL 1497709, at *5; <u>Frank v. Capital Cities Commc'ns, Inc.</u>, No. 80-CIV-2188-CSH, 1983 WL 643, at *2 (S.D.N.Y. Oct. 11, 1983)).

Since this lawsuit was filed by the original 180 plaintiffs, 55 more evaluators have opted in as plaintiffs, which "is persuasive evidence that a putative class does exist." <u>Shaffner v. Cash Register Sales & Serv. of Houston, Inc.</u>, No. H-05-2064, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006); <u>accord</u> <u>Simmons</u>, 2007 WL 210008, at * 9 (citing <u>Mooney</u>, 54 F.3d at 1214 n. 8; <u>Dybach v. Fla. Dep't of Corr.</u>, 942 F.2d 1562, 1568 (11th Cir. 1991)).

Plaintiffs' evidence shows that all evaluators were required to work 10- to 12-hour days for more than five days each week and were paid a fixed daily rate, without any guarantee and without receiving any overtime pay. They have established the minimum

requirements for a pay policy or practice that was generally applicable to all potential collective action members. See Foraker v. Highpoint Sw., Servs., L.P., No. H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) ("Plaintiffs sue over a pay policy that was and is generally applicable to all workers to whom Plaintiffs propose to send notice. Plaintiffs have met the lenient standard for notice and conditional certification in a FLSA case . . . ."); Aguirre v. SBC Commc'ns, Inc., No. H-05-3198, 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006) (citing England, 370 F. Supp. 2d at 507) ("A court may deny plaintiffs' right to proceed collectively [at the first step] if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."); Hill, 2005 WL 3526669, at *3 (citations omitted) ("if there is sufficient evidence of an employer's pattern of subjecting employees to the same improper practice, that would be sufficient to warrant a finding of similarity justifying collective adjudication"); O'Brien v. Ed Donnelly Enters., Inc., No. 2:04-CV-00085, 2006 WL 3483956, at *3 (S.D. Ohio Nov. 30, 2006) (citations omitted) ("Plaintiffs must demonstrate that the Defendants had a common policy or plan in violation of the FLSA that negatively impacted the original and opt-in Plaintiffs."); Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (citations omitted) ("In order to be similarly situated, the action must not be distinct and specific to individual plaintiffs; rather, there must be some general policy or practice."). Despite some individual variations in the daily rate of pay and/or job duties, plaintiffs have made substantial

allegations that Worley had a single policy, applicable to all claims evaluators who routinely worked more than 40 hours per week, of paying them a flat daily rate without any guaranteed salary and without paying for overtime work.

The potential for individualized amounts of back pay owed to each class member does not defeat the appropriateness of conditional certification. Maynor v. Dow Chem., No. G-07-0504, 2008 WL 2220394, at *10 (S.D. Tex. May 28, 2008). Plaintiffs' allegations and evidence of Worley's generally applicable policy are sufficient to satisfy the lenient standard for conditional certification at the notice stage. Concerns about individualized damages "are more appropriately addressed at the second stage of the Lusardi analysis." Id.

Worley also contends that Akins and the potential class members were executive, administrative and/or highly compensated employees who were exempt from payment of overtime under the FLSA. Defendant argues that determining whether each class member was exempt will be so fact-intensive and individualized that collective action certification is not possible. Courts in this and other circuits have rejected such arguments at the initial notice stage. West, 2010 WL 5582941, at *9 (citing Indergit v. Rite Aid Corp., No. 08 CIV. 9361(PGG), 2010 WL 2465488, at * 9-10 (S.D.N.Y. June 16, 2010); Robinson v. Empire Equity Grp., Inc., No. WDQ-09-1603, 2009 WL 4018560, at *4 (D. Md. Nov. 18, 2009); Dreyer v. Baker Hughes Oilfield Operations, Inc., No. H-08-1212, 2008 WL 5204149, at *3  (S.D. Tex. Dec. 11, 2008); Prater v.

Commerce Equities Mgmt. Co., No. H-07-2349, 2007 WL 4146714, at *7 (S.D. Tex. Nov. 19, 2007); Beall v. Tyler Techs., Inc., 2009 WL 1766141, *3 (E.D. Tex. 2009)). Whether an employee or category of employees is exempt is more appropriately determined at the second stage of the analysis after discovery has revealed more specific evidence.

Therefore, considering the "lenient standard" for conditional certification and the "minimal evidence" necessary at this stage, I preliminarily find that Akins and the other named plaintiffs are similarly situated to other claims evaluators within the potential collective action class. Whether that finding will withstand further discovery, evidence development and legal analysis at the decertification or other later stage of this lawsuit remains to be seen. Based on the evidence presented at this time, and applying the low standard of proof imposed by the two-step procedure for collective action certification, IT IS ORDERED that plaintiff's motion is GRANTED and that a collective class under Section 216(b) is conditionally certified, consisting of

> all current and former employees of Worley Catastrophe Response, LLC and/or Worley Catastrophe Services, LLC (collectively "Worley"), who:
> Occupied the position(s) of claims adjuster (a/k/a claims evaluator) in support of Worley's role in providing services related to business and property damages arising from the 2010 explosion at the Deepwater Horizon offshore drilling rig operated by BP Exploration & Production Inc. ("BP");
> Were paid a daily or hourly rate of pay for their services; and
> Worked more than 40 hours in workweeks without being paid overtime premium wages for the hours worked over 40 pursuant to the federal Fair Labor Standards Act.

14

II.   PLAINTIFF'S PROPOSED NOTICE TO THE POTENTIAL CLASS

Worley argues that, even if conditional certification is granted, no notice should be sent to the collective action members because all potential plaintiffs in the instant case were also members of the Altier collective group, they received notice in that case and they chose not to participate.  The Altier notice was sent in August 2011 and provided for an opt-in period that ended in October 2011.  That notice is obviously ineffective to notify potential plaintiffs of their right to opt in to the instant, new case.

The main reason for conditional certification is to provide notice.

> For purposes of § 216(b) of the FLSA, the term "certification" really refers to the process by which the court facilitates notice to potential plaintiffs of the action and of their opportunity to opt in. . . . . At this first stage, which is typically referred to as the notice stage, the district court decides, usually based on the pleadings and affidavits of the parties, whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying the collective action.

Clay v. Huntington Ingalls Inc., No. 09-7625, 2011 U.S. Dist. LEXIS 155351, at *8 (E.D. La. Sept. 29, 2011) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989); Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010); Mooney, 54 F.3d at 1213-14; Lima v. Int'l Catastrophe Solutions, Inc., 493 F. Supp. 2d 793, 797-98 (E.D. La. 2007)); accord Acevedo, 600 F.3d at 519; Foraker, 2006 WL 2585047, at *3.

I am not unconcerned about the risks of duplication, expense and inherent inefficiencies in the seriatim litigation that these plaintiffs and their counsel have undertaken when this matter is compared to Altier.  Unfortunately, I see no prohibition

against this sort of litigation in the controlling law.  Although there are ways for this court to control discovery in this case that may be duplicative of what was done in <u>Altier</u>, Fed. R. Civ. P. 26(b)(2)(c), the <u>conditional</u> certification and notice procedures that are the subject of this motion are not subject to the same controls.

After this court conditionally certified <u>Altier</u> as a collective action in July 2011, a court-approved notice was sent to more than 1,300 claims adjusters comprising the defined group, which included all of the named and opt-in plaintiffs in the current <u>Akins</u> action.  The notice advised the members of the pendency of the action, their legal rights and the October 21, 2011 deadline to opt in.  The notice stated, among other things:

> 5.    **EFFECTS OF JOINING THIS SUIT.**
> If you choose to join in this suit, you will be bound by the Judgment, whether it is favorable or unfavorable. . . .
> 6.    **NO LEGAL EFFECT IN NOT JOINING THIS SUIT.**
> If you choose not to join the Overtime Action, you will not be affected by any judgment or settlement rendered the case, whether favorable or unfavorable to the collective action groups.
> If you choose not to join the Overtime Action, you are free to file your own lawsuit under the FLSA.

C.A. No. 11-241, Record Doc. No. 191, at pp. 3-4 (emphasis in original).

As this court previously noted in denying Worley's motion to dismiss the instant case, Record Doc. No. 54, the law is clear that "the opt-in provision of [29 U.S.C. § 216] provides for no legal effect on those parties who choose not to participate."  <u>Yates v. Wal-Mart Stores</u>, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999); <u>accord</u> <u>Meseck v. TAK Commc'ns, Inc.</u>, No. 10-965, 2011 WL 1190579, at *8 (D. Minn. Mar. 28, 2011);

16

Espenscheid v. DirecStat USA, LLC, No. 09-cv-625-bbc, 2010 WL 2330309, at *12 (W.D. Wis. June 7, 2010).

Further, this court stated that no purpose would be served by allowing two collective actions based on the same claims to proceed <u>concurrently</u>, with the attendant increased expense for defendants, the risk of confusing the group members about their legal options, the possibility of inconsistent rulings by two courts and the waste of judicial resources.   In addition, the parties in a concurrently filed, second collective action are not prejudiced by the court's refusal to maintain the second action.   When a first-filed collective action is certified, all members of the certified group will receive notice and have the opportunity to opt in to that action, if they choose; they can bring individual actions; or they can choose to do nothing, knowing that they will not be bound by any judgment in the first-filed collective action.   Thus, plaintiffs in a subsequent collective action based on the same claims as the first-filed action are not prejudiced by dismissal of their later-filed, simultaneously proceeding, collective action.

The instant case, however, is proceeding anew, at a time when no other collective action based on the same claims is pending.   Collective action members will now have the same choices here:   to opt in to this conditionally certified action, file an individual lawsuit or do nothing.   Defendants in a subsequent collective action, including Worley here, are protected against having to defend a third or fourth collective action <u>at the same time</u> as the previously filed, still-pending case by the applicable statute of limitations,

17

which continues to run against any plaintiff who does not file written consent to opt in, and by the judicial policies against duplicative litigation, such as the first-to-file rule and the rule against claim-splitting.  While employers may be discouraged from settling collective actions, as Worley argued in its motion to dismiss, when they know that another such action can still be brought at a later date, that is a policy argument that finds no support in the language of Section 216(b).  Any such argument "should be made to the legislature and not to the courts."  LaChapelle v. Owens-Ill., Inc., 513 F.2d 286, 287, 289 (5th Cir. 1975).

Having rejected Worley's contention that no notice should be sent, Worley's only objection to plaintiffs' notice form and schedule is that the proposed 45-day opt-in period is too long.  Plaintiffs in their reply memorandum consent to defendants' proposed 30-day notice period.

Finally, Worley objects to plaintiffs' request that it provide them with the full names and last known addresses, telephone numbers and e-mail addresses of all potential collective action members.  Because some of that information may have changed since Worley previously provided the same information in Altier in August 2011, the court grants plaintiffs' motion in this regard.

CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to certify a

collective class is GRANTED and that a collective class is conditionally certified,

consisting of

> all current and former employees of Worley Catastrophe Response, LLC
> and/or Worley Catastrophe Services, LLC (collectively "Worley"), who:
> Occupied the position(s) of claims adjuster (a/k/a claims evaluator)
> in support of Worley's role in providing services related to business and
> property damages arising from the 2010 explosion at the Deepwater
> Horizon offshore drilling rig operated by BP Exploration & Production Inc.
> ("BP");
> Were paid a daily or hourly rate of pay for their services;
> Worked more than 40 hours in workweeks without being paid
> overtime premium wages for the hours worked over 40 pursuant to the
> federal Fair Labor Standards Act; and
> Did not participate in the earlier, related case of John J. Altier, et al.
> v. Worley Catastrophe Response, LLC, et al., Civil Action No. 11-241,
> consolidated with Civil Action No. 11-242.

IT IS FURTHER ORDERED that and Worley must provide plaintiffs with the full

names and last known addresses, telephone numbers and e-mail addresses of all potential

collective action members no later than fourteen (14) days after entry of this order.

IT IS FURTHER ORDERED that plaintiffs' motion is GRANTED as to the

proposed Notice and Consent forms and the schedule set forth in their Exhibits 1 and 2,

Record Doc. Nos. 71-4 and 71-5, which must be modified to provide for a 30-day opt-in

period.  Plaintiffs must prepare the revised forms of notice and consent in accordance

with this order, and file them in the record no later than April 12, 2013.

New Orleans, Louisiana, this _____8th_____ day of April, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE