# EXHIBIT 1

# April Walter

| | |
|---|---|
| **From:** | Wells, Amanda R. <amandarwells@joneswalker.com> |
| **Sent:** | Friday, March 08, 2013 5:29 PM |
| **To:** | 'jay@hughesbrown.com'; Michael Starzyk |
| **Cc:** | April Walter; Hessam Parzivand; 'linklaw@comcast.net'; 'joe@fieschko.com'; Anderson, Jennifer; 'jlewis@crawford-lewis.com'; LeBato, Maggie; Dotson, Michelle; Jeansonne, Shelley |
| **Subject:** | Akins v. Worley |
| **Attachments:** | Letter to Plaintiffs' Counsel re. Discovery Requests (N2602017).PDF; JOHN AKINS - Defendant's First Set of Interrogatories and Request for Production of Documents (N2600964) (N2601727).PDF; JOHN AKINS - Defendant's First Set of Interrogatories and Request for Production of Documents (N2600964).DOC |

Dear Counsel:

Attached are courtesy and word copies of the discovery requests to John Akins. A disc containing the requests to the remaining plaintiffs has been sent to you via U.S. Mail today.

Thank you,

**Amanda R. Wells**
Legal Assistant to Celeste Laborde McNulty, Mary Margaret LeBato, and P.J. Kee

**JONESWALKER**

Jones, Walker, Waechter, Poitevent, Carrère & Denègre L.L.P.
201 St. Charles Avenue, Suite 4700 | New Orleans, LA 70170
504.582.8415 Direct

amandarwells@joneswalker.com
www.joneswalker.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

Thank you for considering the environmental impact of printing e-mails.

1



Mary Margaret LeBato
*Not admitted in Alabama*
Direct Dial 504-582-8262
Direct Fax 504-582-8262
mlebato@joneswalker.com

March 8, 2013

**Via U.S. Mail and Email**
J.P. Hughes, Jr.
Hughes Brown, PLLC
1300 Access Road, Suite 100
Oxford, Mississippi 38655

**Via U.S. Mail and Email**
Michael A. Starzyk
Starzyk & Associates, P.C.
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380

Re: *John Akins, et al. v. Worley Catastrophe Response, LLC, et al.*
Civil Action No.: 2:12-cv-2401
Our File No. 134199-00

Dear Counsel:

Enclosed please find a disc containing Defendants' First Set of Interrogatories and Request for Production of Documents to all Plaintiffs in connection with the above referenced matter.

Sincerely,

*MMLeBato*

Mary Margaret LeBato

MML/arw
Enclosures

cc: Jennifer Anderson w/o Enclosures (*via* e-mail)
James R. Lewis w/o Enclosures (*via* e-mail)
April L. Walter w/o Enclosures (via e-mail)
Hessam Parzivand w/o Enclosures (*via* e-mail)
John R. Linkosky w/o Enclosures (*via* e-mail)
Joseph E. Fieschko, Jr. w/o Enclosures (*via* e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN AKINS, ET AL., Individually and on behalf of all others similarly situated and identified below, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:12-cv-2401 CJB-SS |
| Plaintiffs, | | CLASS/COLLECTIVE ACTION |
| v. | | SECTION: J(2) |
| WORLEY CATASTROPHE RESPONSE, LLC, WORLEY CATASTROPHE SERVICES, LLC, and MICHAEL ALLEN WORLEY, | | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. (BY CONSENT) |
| Defendants. | | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF, JOHN AKINS**

TO:   Plaintiff, JOHN AKINS
      Through his Attorneys of Record,
      J. P. Hughes, Jr.
      Hughes Brown, PLLC
      1300 Access Road, Suite 100
      Oxford, Mississippi 38655

      And

      Michael Starzyk
      Starzyk & Associates, P.C.
      10200 Grogan's Mill Road, Suite 300
      The Woodlands, Texas 77380

Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37, Defendants, Worley Catastrophe Response, LLC ("WCR"), Worley Catastrophe Services, LLC ("WCS"), and Michael Allen Worley ("Mr. Worley") (hereinafter referred to collectively as "Worley"), through undersigned counsel, submit the following interrogatories and requests for production to

Plaintiff, JOHN AKINS ("Plaintiff"). The interrogatories are to be answered separately, fully, in writing, and under oath within the time required by law. With regard to the requests for production, Defendants request that Plaintiff produce the responsive documents and items for inspection and/or copying at the offices of Jones, Walker, Waechter, Poitevent, Carrère & Denègre, 8555 United Plaza Boulevard, 5th Floor, Baton Rouge, Louisiana 70809, within the time required by law. Alternatively, Plaintiff may comply with the requests for production by providing a true and accurate copy of the documents and items sought to counsel for Defendants within the time required by law (subject to Defendants' right to inspect the originals). Plaintiff is also required by Federal Rule of Civil Procedure 34(b) to serve written responses to Defendants' request for production separately, fully, and under oath within the same time period. The following instructions and definitions shall apply to all interrogatories and requests for production unless specifically noted otherwise.

## INSTRUCTIONS

1. Reproduce each interrogatory and request for production in full immediately preceding the written response to same.

2. As required by Federal Rule of Civil Procedure 34(b)(2)(E), organize and label any responsive documents, and specify which documents are responsive to each individual request for production.

3. If an objection is submitted in response to any interrogatory or request for production, the reasons for the objection must be specified. To the extent the interrogatory or request for production is not considered objectionable, an answer and/or responsive information requested must be provided.

4. An otherwise proper interrogatory or request for production is not objectionable

{N2600964.1}

merely because an answer or response involves an opinion or contention that relates to a fact or the application of law to a fact.

5. If information responsive to an interrogatory or request for production is withheld on the basis of the attorney-client privilege, work product doctrine, or any other protection, such objection shall be express and shall describe the nature of the information not produced or disclosed in a manner that will enable the requesting party to assess the applicability of the privilege or protection asserted. A privilege log is also required.

6. Answers to interrogatories must be signed by the person making them. Objections to interrogatories must be signed by the attorney making them.

7. The Plaintiffs are under a duty to seasonably amend any prior response or production upon learning that the prior response or production is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the requesting party during discovery or in writing.

## DEFINITIONS

1. **"Claim"** shall mean any type of complaint, dispute, charge, or grievance, whether verbal, written, formal, informal, internal, external, administrative, or judicial, including but not limited to those submitted to any local, state, or federal body, administrative claims, alternative dispute resolution proceedings, lawsuits, and any other request for relief on the basis of a complaint, dispute, charge, or grievance.

2. **"Custodian,"** including all forms thereof, shall mean any natural or legal person possessing or responsible for maintaining and/or preserving any document, evidence, exhibit or other item.

3. **"Describe,"** including all forms thereof, with regard to a document shall mean to

(A) identify the author of the document, (B) identify all recipients of the document, (C) provide the date the document was created, (D) summarize the subject matter, information and/or topic of or referenced in the document, and (E) identify the current custodian(s) of the document. With regard to any evidence, exhibit, or other tangible item, "describe" shall mean to (A) provide a physical description of the item, (B) provide any trade or generic names of the evidence, exhibit, or item, (C) identify the manufacturer or creator of the evidence, exhibit, or item, (D) summarize the subject matter, information and/or topic to which the evidence, exhibit, or item relates, and (E) identify the current custodian(s) of the item.

4. **"Document,"** including all forms thereof, shall mean written or recorded matter of every kind, including but not limited to, electronic data stored in any computer or on any magnetic or optical storage media, however produced or reproduced, whether preliminary, revised, superseded or replaced, original or reproduction, and the originals, and all non-identical copies, different from the originals by reason of any notation made on such copies or otherwise, of the following: contracts, agreements, correspondence, logs, telegrams, telexes, computer printouts, reports, studies, records, schedules, diaries, calendars, handbooks, manuals, invoices, purchase orders, accounting records and work sheets, drawings, sketches, charts, notes, estimates, summaries, inventories, minutes of meetings, memoranda, including inter-corporate, intra-corporate, inter-office and intra-office memoranda, and memoranda regarding conferences, conversations or telephone conversations, and any and all other tapes, papers, computer disks, or other recorded, filmed, written, printed or typed matters of any kind or description, includes any summary, compilation, or index of documents, evidence, exhibits, or other tangible items.

5. **"Evidence,"** including all forms thereof, refers to witnesses or other individuals, documents, and exhibits. With regard to witnesses or other individuals, the term "evidence"

includes the name, address, telephone number, and a brief description of the testimony expected of each person identified. With regard to documents and exhibits, "evidence" includes a description of the documents or exhibits.

6. **"Identify,"** including all forms thereof, with regard to a natural person shall mean to provide the name, address, telephone number, and current employer of such natural person. With regard to a corporation, partnership or other business entity, "identify" shall mean to provide the name of the entity along with its primary business address and telephone number. With regard to documents or other tangible objects, "identify" shall mean to provide a description and state the location of the documents or items.

7. **"Person,"** including the plural and other forms thereof, shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, governmental subdivision, joint venture, trust, firm, organization, or other entity regardless of its status as privately owned, publicly owned, for profit, or nonprofit.

8. **"Relate to,"** including the plural and other forms thereof, shall mean to contain a discussion, a description, a notation, an identification, a statement about, a reference to, or a mention of, or to otherwise have a relationship with, the person or thing constituting the object of the phrase.

9. **"Worley I"** shall mean *John J. Altier, et al. v. Worley Catastrophe Response, LLC, et al.*, Civil Action No. 11-00241 (Consolidated with Civil Action 11-00242), in the United States District Court for the Eastern District of Louisiana.

10. **"You,"** including all other forms thereof, shall refer to the Plaintiff to whom these discovery requests are addressed, his/her attorney, or any other representative answering, supplying responsive information to, or objecting to the discovery requests below.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify every person you believe has knowledge of the facts alleged in your First Amended Individual and Collective Action Complaint ("First Amended Complaint") or facts underlying the allegations in your First Amended Complaint, including but not limited to all persons who witnessed and/or have personal knowledge of any alleged unlawful behavior.

INTERROGATORY NO. 2:

Identify every person you believe has specialized knowledge or expertise and who you may rely on as a testifying expert in any proceeding or trial in this matter, providing the subject matter on which each such person may testify and specifying the case or cases in which his or her testimony will be offered.

INTERROGATORY NO. 3:

Identify the regular rate of pay and how you calculated or determined the regular rate of pay for the purpose of the overtime compensation you claim you are owed.

INTERROGATORY NO. 4:

Identify all witnesses you may call to testify in support of your allegations and claims.

INTERROGATORY NO. 5:

Itemize and describe each element of damages sought in this matter, including a brief description of the item of damage, the total amount claimed, and the method or formula used to compute the amount, including the time period over which the amount should be computed. If the dollar amount of any item of damage is not yet known, state the method or formula by which you contend such amount should be computed (and the time period over which you contend such amount should be computed), and describe all documents or other information that you claim to need in order to be able to complete your damages calculation.

INTERROGATORY NO. 6:

State whether you claim your pay was reduced or subject to deductions for one or more partial day absences and, if so, identify every date on which you claim such reduction or deduction occurred.

INTERROGATORY NO. 7:

Identify all persons who supplied facts, information, or documents identified in your responses to any of Defendants' discovery requests.

INTERROGATORY NO. 8:

Identify the name and job title of every person to whom you claim you made any verbal and/or written demands for payment, prior to the filing of this action or your consent form to join this action, of any amounts you allege you are owed in this litigation and any witnesses to such communications.

INTERROGATORY NO. 9:

If you have ever been convicted of a criminal offense, either by trial or guilty plea, identify the court in which you were convicted, the crime, the date of conviction, and the case number.

INTERROGATORY NO. 10:

If you have ever been a party to, or offered deposition or trial testimony in connection with any claim, including any lawsuit, court proceeding, administrative proceeding (including harassment or discrimination charges before the EEOC or any state agency), arbitration, or other alternative dispute resolution proceeding, identify and describe the nature or subject matter of the claim, the court or tribunal where such claim or proceeding was filed, the case number, the parties to the claim, and the status and/or disposition of the claim or proceeding.

INTERROGATORY NO. 11:

Provide the name and address of every person or entity by whom you were employed or for whom you worked as a claims adjuster or claims evaluator in the last fifteen (15) years. With respect to each such person or entity other than a Defendant in this lawsuit, provide the dates of employment for those companies.

INTERROGATORY NO. 13:

Provide the name of any person(s) who disclosed the amount or any other confidential terms and conditions of the settlement in Worley I to you, and provide a summary of what you were told about the settlement and/or its terms and conditions.

INTERROGATORY NO. 14:

If you saw a copy of any settlement agreement, waiver, or release pertaining to Worley I, whether signed or unsigned, provide the name and contact information for any person(s) who shared or disclosed this information to you.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 1:

Produce all documents and tangible items that you contend substantiate your allegations of unlawful conduct in this lawsuit.

REQUEST FOR PRODUCTION NO. 2:

Produce all documents and tangible items referenced or reviewed in preparing your responses to Defendants' discovery requests.

REQUEST FOR PRODUCTION NO. 3:

Produce copies of all documents you may introduce into evidence in support of your allegations and claims in any proceeding or trial in this litigation.

REQUEST FOR PRODUCTION NO. 4:

Produce all sales, logs, diaries, journals, calendars, and records made or kept by you that memorialize or reflect the dates and hours you allege you worked and for which you seek overtime compensation.

REQUEST FOR PRODUCTION NO. 5:

Produce all documents and tangible items that you believe support the damages you claim to have suffered.

REQUEST FOR PRODUCTION NO. 6:

Produce all letters, emails, correspondence, text messages, or other communications (collectively "Communications") you sent, received, or were copied on that relate to your allegations, claims, or demands in this litigation, excluding any Communications to which the attorneys who represent you in this litigation were also parties.

REQUEST FOR PRODUCTION NO. 7:

Produce all documents and tangible items provided to or prepared by any person you consider to have specialized knowledge and/or expertise and relating to your allegations in this lawsuit, including the curriculum vitae, resume, report, and database of each such person.

REQUEST FOR PRODUCTION NO. 8:

Please produce all non-privileged documents and information, including notes, damages computations, and communications, stored on any computer, hard drive, computer disc, or any other media, reflecting or relating to your claims or alleged damages in this case.

REQUEST FOR PRODUCTION NO. 9:

Please produce all documents and tangible items identified in your initial disclosures that have not been produced already to Defendants' counsel in this lawsuit.

REQUEST FOR PRODUCTION NO. 10:

Produce all documents and tangible items that you claim supports your allegation that Defendants committed a willful violation of the Fair Labor Standards Act, *i.e.*, that Defendants either knew or showed reckless disregard for whether its pay policy violated the Fair Labor Standards Act.

REQUEST FOR PRODUCTION NO. 11:

Produce all verbal, written, and recorded statements you contend may support your allegations of unlawful treatment. For each such statement, identify the person who made the statement, those who were present when the statement was made, the date of the statement was made, and the place the statement was made.

REQUEST FOR PRODUCTION NO. 12:

Please produce all documents reflecting, summarizing, or containing any alleged statements made to you or any alleged instructions given to you concerning the number of hours

{N2600964.1}

you could or should record on your timesheet while working as a claims adjuster on BP oil spill claims for any of the Defendants.

REQUEST FOR PRODUCTION NO. 13:

If you contend that you performed any work that is not recorded on a timesheet while working as a claims adjuster on BP oil spill claims for any of the Defendants, produce all documents that you contend reflect the unrecorded time.

REQUEST FOR PRODUCTION NO. 14:

Produce all documents and tangible items that reflect or are otherwise related to your pre-litigation verbal and/or oral demand(s) upon any Defendant for the wages you are allegedly entitled.

REQUEST FOR PRODUCTION NO. 15:

Produce all documents and tangible items that you believe support your allegation that you were not paid a salary or minimum guarantee within the meaning of the Fair Labor Standards Act.

REQUEST FOR PRODUCTION NO. 16:

Produce all documents and tangible items that you believe support your allegation that you did not perform duties that qualify for the highly compensated employee exemption of the FLSA.

REQUEST FOR PRODUCTION NO. 17:

Produce all documents and tangible items that you believe support your allegation that you did not perform duties that qualify for the administrative employee exemption of the FLSA.

REQUEST FOR PRODUCTION NO. 18:

Produce all documents and tangible items that you believe support your allegation that you did not perform duties that qualify for the executive employee exemption of the FLSA.

REQUEST FOR PRODUCTION NO. 19:

Produce all lawsuits, administrative proceedings, and any other claims for redress or damages filed by you or on your behalf, or filed against you (including any criminal actions or claims), other than the lawsuit relating to your current allegations and claims.

REQUEST FOR PRODUCTION NO. 20:

Produce a copy of any settlement agreement, waiver, or release pertaining to Worley I, whether signed or unsigned, that was provided or disclosed to you.

REQUEST FOR PRODUCTION NO. 21:

Produce all declarations, affidavits, or other written or recorded statements of any current or putative Plaintiff or opt-in Plaintiff relating in any way to his or her current or former employment with WCS or the issues presented in this lawsuit.

REQUEST FOR PRODUCTION NO. 22:

Produce all declarations, affidavits, or other written or recorded statements of any person(s) who was a non-participating plaintiff in the Worley I settlement relating in any way to his or her current or former employment with WCS or the issues presented in this lawsuit.

{N2600964.1}

Respectfully submitted,

Jennifer L. Anderson (Bar No. 23620)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-mail: janderson@joneswalker.com

and

/s/ *Mary Margaret LeBato*
Mary Margaret LeBato (Bar No. 32704)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: (504) 582-8262
Facsimile: (504) 589-8262
E-mail: mlebato@joneswalker.com

and

James R. Lewis (Bar No. 8844)
Crawford Lewis
450 Laurel Street, Suite 1600
Baton Rouge, LA 70801
Telephone: (225) 343-5290
Facsimile: (225) 383-5508
E-mail: jlewis@crawford-lewis.com

***Attorneys for Defendants,***
***Worley Catastrophe Response, LLC,***
***Worley Catastrophe Services, LLC, and***
***Michael Allen Worley***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of March, 2013, a true and correct copy of the above and foregoing pleading was served upon the attorneys of record for Plaintiff, by email and Federal Express, postage prepaid and properly addressed.

/s/ *Mary Margaret LeBato*
Mary Margaret LeBato

{N2600964.1}

## VERIFICATION

STATE OF _____

PARISH/COUNTY OF _____

    BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the Parish/County and State aforesaid, personally came and appeared:

### JOHN AKINS

who, after being duly sworn, did depose and state:

    That he/she has read the foregoing Answers to Interrogatories dated _____, 2013, and that all of the responses therein are true and correct to the best of his/her knowledge, information, and belief.

    By:_____

SWORN TO AND SUBSCRIBED

BEFORE ME THIS ___ DAY OF _____, 2013.

_____
NOTARY PUBLIC

{N2600964.1}