UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN AKINS ET AL.                         CIVIL ACTION

VERSUS                                    NO. 12-2401

WORLEY CATASTROPHE                        MAGISTRATE JUDGE
RESPONSE, LLC ET AL.                      JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

John Akins and 179 other named plaintiffs, individually on and on behalf of all those similarly situated,[1] filed this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiffs allege that their former employers, Worley Catastrophe Response, LLC, Worley Catastrophe Services, LLC (collectively "Worley") and Michael Allen Worley ("Mr. Worley"), failed to pay them overtime wages as required by the statute.  This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties.  Record Doc. No. 26.  The court has conditionally certified this matter as a collective action.

Plaintiffs filed a motion for partial summary judgment, seeking decisions in their favor on four issues:  (1) defendants did not pay plaintiffs on a "salaried basis" under the FLSA, which would lead to a finding that plaintiffs did not qualify for either of the three

---

[1]Additional plaintiffs have filed consent forms to opt in to the collective action, bringing the total number of plaintiffs to 237 as of April 4, 2013.  Plaintiffs' memorandum in support of their motion for partial summary judgment, Record Doc. No. 82-1 at p. 2 n.3.

exemptions from the overtime pay requirement asserted by defendants, namely, (2) the administrative employee exemption, (3) the executive employee exemption or (4) the highly compensated worker exemption. Payment of wages on a salaried basis is a threshold requirement for the applicability of all three of the exemptions. Record Doc. No. 82.

Defendants filed a timely opposition memorandum in which they contend that plaintiffs cannot carry their burden to show the absence of genuine issues of disputed, material facts regarding any of the four issues raised by the motion. Alternatively, citing Fed. R. Civ. P. 56(d)(1), defendants argue that plaintiffs' motion for partial summary judgment should be denied or deferred as premature because it cannot be decided before pending discovery is completed regarding the issues raised by the motion. Record Doc. No. 105.

Having considered the complaint, as amended, the submissions of the parties and the applicable law, IT IS ORDERED that the motion is DENIED, for the following reasons.

A.    Standards for Summary Judgment

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).

Rule 56, as revised effective December 1, 2010, establishes new procedures for

supporting factual positions:

> (1)  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3)  Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in

the record that it believes demonstrate the absence of a genuinely disputed material fact,

but it is not required to negate elements of the nonmoving party's case.  Capitol Indem.

Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production

may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact."  Advisory Committee Notes, at 261.

If the moving party bears the burden of proof on an issue, either because the movant is the plaintiff or is a defendant asserting an affirmative defense, the movant must "'establish beyond peradventure <u>all</u> of the essential elements of the [claim or] defense'" to warrant judgment in its favor.  <u>United States v. Renda Marine, Inc.</u>, 667 F.3d 651, 659 (5th Cir. 2012), <u>cert. denied</u>, 81 U.S.L.W. 3335, 81 U.S.L.W. 3574, 81 U.S.L.W. 3579 (2013) (quoting <u>Addicks Serv., Inc. v. GGP-Bridgeland, LP</u>, 596 F.3d 286, 293 (5th Cir. 2010)); <u>accord</u> <u>Meecorp Capital Mkts. LLC v. Tex-Wave Indus. LP</u>, 265 F. App'x 155, 158 (5th Cir. 2008) (citing <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1194 (5th Cir. 1986)). Similarly, to withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim.  <u>Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-23 (1986)).

No genuine disputed material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  <u>Id.</u>  A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).

4

"Factual controversies are construed in the light most favorable to the <u>non</u>movant, but only if both parties have introduced evidence showing that an actual controversy exists." <u>Edwards v. Your Credit, Inc.</u>, 148 F.3d 427, 432 (5th Cir. 1998) (emphasis added); <u>accord</u> <u>Murray v. Earle</u>, 405 F.3d 278, 284 (5th Cir. 2005).  "<u>We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts</u>." <u>Badon v. R J R Nabisco Inc.</u>, 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the [nonmoving party can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint [or affirmative defense].""" <u>Nat'l Ass'n of Gov't Employees</u>, 40 F.3d at 713 (quoting <u>Anderson</u>, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in <u>any</u> case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); <u>accord</u> <u>Duron v. Albertson's LLC</u>, 560 F.3d 288, 291 (5th Cir. 2009).

Thus, plaintiffs in the instant case must demonstrate the absence of any material fact disputes as to their allegation that they were not paid on a salaried basis.  If they fail

to carry their burden on this threshold issue, they cannot prevail on their other arguments that none of the three overtime exemptions applied to them.

     B.     Material Fact Questions Are In Dispute Regarding Whether Plaintiffs Were Paid on a Salaried Basis

Section 216(b) of the FLSA grants employees a cause of action to recover overtime compensation and liquidated damages against an employer who violates the statute by failing to pay for overtime.  Workers who are "employed in a bona fide administrative, executive, or professional capacity" are exempt from the overtime pay requirement.  29 U.S.C. § 213(a)(1).  The FLSA does not define the terms "executive," "administrative" or "professional" for purposes of the exemption, but directs the Secretary of Labor to do so by regulation.  Id.  "The Secretary's regulations have the force of law, and are generally given controlling weight." Anani v. CVS RX Servs., Inc., 788 F. Supp. 2d 55, 59 (E.D.N.Y. 2011) (citing Auer v. Robbins, 519 U.S. 452, 461 (1997)).

To qualify for an exemption as an administrative, executive or highly compensated[2] employee under the Department of Labor's regulations, the employee must be paid on a "salary basis" of not less than $455 per week.  29 C.F.R. §§ 541.100, 541.200, 541.601.

---

[2]The highly compensated employee exemption (for employees with total annual compensation of at least $100,000) was added by the Department of Labor in 2004 under the authority of 27 U.S.C. § 213.  29 C.F.R. § 541.601, 69 Fed. Reg. 22260 (Apr. 23, 2004).

"Salary basis" is defined by the Department of Labor as follows.

(a)  General rule.  An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee <u>regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount</u> constituting all or part of the employee's compensation, which amount is <u>not subject to reduction because of variations in the quality or quantity of the work performed</u>.  Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.  Exempt employees need not be paid for any workweek in which they perform no work.  An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business.  If the employee is ready, willing and able to work, deductions may not be made for time when work is not available.

29 C.F.R. § 541.602(a) (emphasis added).  The regulations do not require that the wages be called a "salary" to qualify as being "paid on a 'salary basis.'"

Paragraph (b) of section 541.602 further provides that deductions may be made from the wages of salaried employees in certain circumstances, such as absences of a full day or more for personal reasons or unpaid disciplinary suspensions of a full day or more, without destroying the salary basis of the pay.  <u>Id.</u> § 541.602(b); <u>Cowart v. Ingalls Shipbldg., Inc.</u>, 213 F.3d 261, 264 (5th Cir. 2000) (citing predecessor regulation 29 C.F.R. § 541.118(a)(2)).

Although the ultimate question whether the employee is exempt from the overtime pay provisions of the FLSA is a question of law, issues regarding an employee's duties, compensation, deductions and other aspects of employment relevant to deciding that

7

legal question are questions of fact.  Cheatham v. Allstate Ins. Co., 465 F.3d 578, 584

(5th Cir. 2006); Smith v. City of Jackson, 954 F.2d 296, 298 (5th Cir. 1992).

Plaintiffs argue that neither of the three exemptions applies to them because they

were paid a day rate, not on a salaried basis.  They acknowledge that merely because an

employee's earnings are computed on a daily rate basis does not mean that the employee

is not paid on a salary basis, but they contend that defendants' payments to them did not

otherwise qualify as salary under 29 C.F.R. § 541.604(b), which provides:

> An exempt employee's earnings may be computed on an hourly, a daily or
> a shift basis, without losing the exemption or violating the salary basis
> requirement, if the employment arrangement also includes a guarantee of
> at least the minimum weekly required amount paid on a salary basis
> regardless of the number of hours, days or shifts worked, and a reasonable
> relationship exists between the guaranteed amount and the amount actually
> earned.  The reasonable relationship test will be met if the weekly
> guarantee is roughly equivalent to the employee's usual earnings at the
> assigned hourly, daily or shift rate for the employee's normal scheduled
> workweek.  Thus, for example, an exempt employee guaranteed
> compensation of at least $500 for any week in which the employee
> performs any work, and who normally works four or five shifts each week,
> may be paid $150 per shift without violating the salary basis requirement.

29 C.F.R. § 541.604(b) (emphasis added).  Plaintiffs argue that they had no guaranteed

minimum weekly required amount and that, even if the minimum required amount of not

less than $455 per week was guaranteed, that amount bore no reasonable relationship to

the much larger amounts (ranging from $2,975 to $3,850 per week) that plaintiffs

actually earned during their normal scheduled six- or seven-day work week.

8

I find that the deposition excerpts and other evidence presented by plaintiffs are insufficient to carry their burden to show that it is undisputed that they were not paid on a salary basis.  Defendants have presented competent summary judgment evidence, consisting of the declaration under penalty of perjury of Allen Carpenter, the Chief Administrative Officer of Worley Catastrophe Response, LLC, and the exhibits attached thereto, Defendant's Exh. A, Record Doc. No. 105-2, that material fact issues are in dispute concerning whether plaintiffs were paid on a salaried basis, including but not limited to, whether plaintiffs were guaranteed a minimum of at least $455 per week for the weeks that they worked; whether plaintiffs regularly and actually received at least $455 per week for the weeks that they worked, with the exception of permissible deductions; whether some plaintiffs were paid their full rate and did not have their wages reduced based on the quantity of work when they did not work full days; whether plaintiffs had a clear expectation regarding the amount of pay they would receive each week based on the required work week schedule of either twelve- or ten-hour days for seven or six days per week, respectively; whether that expected amount was a "predetermined amount"; whether plaintiffs' pay that was computed on a daily rate, but actually received on a weekly or less frequent basis, meets the salary basis test; whether plaintiffs actually received at least two-thirds of the compensation they could expect to receive based on their assigned rate of pay and the normal scheduled work week; whether some plaintiffs actually earned more than 70 percent of the compensation they could

expect to receive based on their assigned rate of pay and the normal scheduled work week; and whether the amounts expected to be earned and actually earned by plaintiffs during a normal scheduled work week bore a reasonable relationship to the amount guaranteed, if any.

Because the question whether plaintiffs were paid on a salaried basis remains in dispute, they cannot prevail on the current summary judgment record on their additional contentions that they were not exempt administrative, executive or highly compensated employees.  Accordingly, plaintiffs' motion for partial summary judgment is denied.

New Orleans, Louisiana, this _____8th_____ day of May, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

10