UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN AKINS, ET AL. | * | CIVIL ACTION NO: 2:12-2401 |
| | * | CJB-SS |
| | * | |
| | * | CLASS/COLLECTIVE ACTION |
| v. | * | |
| | * | |
| | * | SECTION J(1) |
| | * | JUDGE CARL BARBIER |
| WORLEY CATASTROPHE RESPONSE, LLC, | * | MAGISTRATE JUDGE |
| ET AL | * | SALLY SHUSHAN |

**OPPOSITION AND OBJECTIONS TO PLAINTIFFS' MOTION FOR TEMPORARY INJUNCTION, CEASE AND DESIST ORDER, AND SANCTIONS ON BEHALF OF SULLIVAN PLAINTIFFS**

**MAY IT PLEASE THE COURT:**

Now come Michael Sullivan, Charles Baldwin, Johnny Knighten, Jimmy Phillips and Ron Dickerson, hereinafter the *Sullivan* Plaintiffs, against whom, along with Olga Souders, Plaintiffs have filed a pleading titled "Motion for Temporary Injunction, Cease and Desist Order, and Sanctions," seeking a "temporary injunction," a cease and desist order, and sanctions. *Sullivan* Plaintiffs are not parties to this litigation as this Court denied their Motion to Intervene, which denial is presently on appeal. However, to the extent this motion for an injunction, order, and sanctions are directed towards the *Sullivan* Plaintiffs, who are not parties to this action, it can only be addressed in the form of a claim against them under Rule 12(b). As such the *Sullivan* Plaintiffs object on the grounds that there has insufficient process and insufficient service of process. *Sullivan* Plaintiffs further object to Plaintiffs motion as failing to state a claim against them upon which relief can be granted.

## I.  FACTUAL BACKGROUND

Plaintiffs' motion is premised upon three email communications involving Ms. Souders, who is a plaintiff in related litigation pending in the Nineteenth Judicial District Court, Parish of East Baton Rouge (hereafter "Sullivan Litigation").  The first is an email which was directly received by Ms. Souders and which was authored by plaintiffs' counsel (or his representative). See **Exhibit 1** – Affidavit of Olga Souders attached hereto at *Id*. at ¶3.   This email was the subject of Plaintiffs' Motion to Claw Back Email and was also the subject of this Court's Order filed on March 4, 2013.  *Id*.

The second email is dated May 2, 2013 and was authored by Ms. Souders. *Id*. at ¶4.  Ms. Souders transmitted this email, which was attached as Exhibit A to plaintiffs' motion, to other adjusters with whom she worked on the BP Oil Spill for Worley. *Id*.  She did not inform undersigned counsel at any time that she planned to send the May 2, 2013 email. *Id*. ¶5.  She did not inform undersigned counsel after transmitting the May 2, 2013 email nor was this email transmitted to undersigned counsel. *Id*. at ¶6.  Her decision to draft and transmit the May 2, 2013 email was an act of her own volition and free will and was done as an exercise of her rights under the First Amendment of the United States Constitution and without any direction, knowledge, or involvement (in any way whatsoever) of undersigned counsel and/or any other Sullivan Plaintiff.  *Id*. at ¶7.

The third email, which was authored by Ms. Souders and transmitted by her on May 10, 2013 to other adjusters with whom she worked on the BP Oil Spill for Worley. Id. at ¶8.  This email was also attached as Exhibit A to plaintiffs' motion. *Id*.  She did not inform undersigned counsel at any time that she planned to send the May 10, 2013 email. *Id*. at ¶9.   She   did   not inform undersigned counsel after transmitting the May 10, 2013 email. *Id*. at ¶10.  Her decision

to draft and transmit the May 10, 2013 was an act of her own volition and free will and was done as an exercise of her rights under the First Amendment of the United States Constitution and without any direction, knowledge, or involvement (in any way whatsoever) of undersigned counsel or any other Sullivan Plaintiff.  *Id*. at ¶11.

Generally speaking, Ms. Souders received the initial email from plaintiffs' counsel and felt that it was misleading and did not accurately inform putative class members in the Sullivan Litigation of the current state of that litigation.  In her two subsequent emails, she voices her opinions and concerns, as a class representative in the Sullivan Litigation, about this litigation and the Sullivan Litigation.  Plaintiffs' counsel now seeks a "temporary injunction" and other relief which would prohibit any further communications between Ms. Souders or other Sullivan Plaintiffs (and their counsel) and putative class members in this action.  For the following reasons, plaintiffs' motion is without merit.

## I.  LACK OF SERVICE

None of the Sullivan Plaintiffs have been served with plaintiffs' motion, which is obviously a prerequisite to the commencement of any proceeding, which involves injunctive relief.  For this reason, plaintiffs' motion should be denied.  Rule 4 of the Federal Rules of Civil Procedure require the issuance of summons and service of same to institute claims against individuals, not already parties to an action.  This has not been done.

## II.  PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE

Plaintiffs request the issuance of a "temporary injunction."  Rule 65 of the Federal Rules of Civil Procedure does not recognize a form of relief known as "temporary injunction."  Rule 65 recognizes a temporary restraining order and a preliminary injunction.  Rule 65 sets forth

specific requirements which plaintiffs must prove in order to be entitled to injunctive relief. Plaintiffs here have not alleged these elements and cannot carry their burden concerning same.

In addition, assuming that the Sullivan Plaintiffs were properly served (which is denied), injunctive relief cannot be raised or asserted against a non-party via a "motion." Since all of the Sullivan Plaintiffs are non-parties in this litigation, any request for injunctive relief would require the commencement of a proceeding against Ms. Souders with proper service. Plaintiffs simply cannot request an injunction be issued against non-parties in the context of litigation between plaintiffs and Worley.

### III.  COURT'S ORDER DID NOT PERTAIN TO SULLIVAN PLAINTIFFS

Plaintiffs' motion and requested relief is also premised on this court's order dated March 4, 2013. In pertinent part, the Order states the following:

> IT IS FURTHER ORDERED that counsel for the Sullivan Plaintiffs must immediately return the subject privileged e-mail and all copies to plaintiffs' counsel and must cease immediately any further dissemination of its content.

This court's Order expressly prohibits further dissemination of the disputed email *by undersigned counsel*. As Ms. Souders' affidavit makes crystal clear, she decided, without any knowledge of undersigned counsel or the other Sullivan Plaintiffs, to author and transmit the two disputed emails (one of which references a portion of the email which was the subject of the court's Order cited above). As the Order did not apply to any of the Sullivan Plaintiffs, plaintiffs' request for injunctive relief, a cease and desist order, and sanctions are not appropriate against Ms. Souders (as the Order did not pertain to her); the other Sullivan Plaintiffs (as the Order did not pertain to them nor did they have any knowledge or involvement in Ms. Souders

decision to author and transmit the emails at issue); or undersigned counsel (as they had absolutely no knowledge of Ms. Souders' decision to author and transmit the disputed emails).

### IV. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED

Plaintiffs cite one case, *Belt v. EmCare, Inc*. 299 F.Supp.2d 664, 667 (E.D. Tex. 2003, in support of their request for such drastic relief. On its face, *Belt* is distinguishable. In *Belt*, the court issued an injunction because *the employer, who was a party to the pending litigation,* had communicated with potential members of a collective action in an attempt to dissuade them from joining the collective action. The court's ruling in *Belt* was clearly premised upon the fact that the employer was a party to the pending litigation. The court reasoned, "[a]s in Rule 23 class actions, courts have the authority to govern the conduct of counsel *and parties* in § 216(b) collective actions. *Id*. at 667 citing *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 171, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). (emphasis added.)

Herein, Olga Souders is neither an employer nor a party. The same is true of the *Sullivan* Plaintiffs. A personal opinion expressed by one of the putative members of the collective class action does not rise to the level of an employer attempting to dissuade putative members from opting into the collective action.

More importantly, the only evidence submitted by Plaintiffs on its face shows that the *Sullivan* Plaintiffs had nothing whatsoever to do with the e-mails in question. The e-mails plainly state that they were the sole opinion and expressions of Olga Souders, and that neither the *Sullivan* Plaintiffs nor their counsel were in any way responsible for her sending them. Besides, the e-mails themselves are hearsay, and the fact that they were sent does not establish in any manner Plaintiffs' allegations. On the other hand, the affidavit of Olga Souders affirmatively

establishes that neither the *Sullivan* Plaintiffs nor their counsel were responsible for the dissemination of the e-mails.

### V.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Temporary Injunction, Cease and Desist Order, and Sanctions should be denied.

>	Respectfully submitted,
>
>	By: /s/Timothy W. Cerniglia_____
>	Law Office of Timothy Cerniglia (La. Bar # 3964)
>	tcerniglia@cerniglialaw.pro
>	1521 St. Charles Avenue
>	New Orleans, Louisiana 70130
>	Telephone:     (504) 586-0555
>	Facsimile:     (504) 586-0550
>
>	COLVIN AND SMITH, APLC
>	James H. Colvin, Jr. (La. Bar # 21532)
>	jcolvin@colvinfirm.com
>	Cole B. Smith (La. Bar # 30063)
>	csmith@colvinfirm.com
>	900 Market Street, Suite 300
>	Post Office Box 1831
>	Shreveport, Louisiana 71101
>	Telephone:     (318) 429-6770
>	Facsimile:     (318) 429-6771
>
>	&
>
>	HYMEL, DAVIS & PETERSON
>	L.J. Hymel (La. Bar # 07137)
>	ljhymel@hymeldavis.com
>	10602 Coursey Boulevard
>	Baton Rouge, Louisiana 70816
>	Phone:          (225) 298-8118

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of May, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/Timothy W. Cerniglia
**Of Counsel**

# Exhibit 1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN AKINS, ET AL. | * | CIVIL ACTION NO: 2:12-2401 |
| | * | CJB-SS |
| | * | |
| | * | CLASS/COLLECTIVE ACTION |
| v. | * | |
| | * | |
| | * | SECTION J(1) |
| | * | JUDGE CARL BARBIER |
| WORLEY CATASTROPHE RESPONSE, LLC | * | MAGISTRATE JUDGE |
| ET AL | * | WILKINSON |

## AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF DALLAS**

BEFORE ME, the undersigned notary public came and appeared, Olga L. Souders, who, upon personal knowledge, did depose and state the following:

1.

She is a person of the full age of majority and makes this affidavit based on her own personal knowledge.

2.

She is a resident, domiciliary, and citizen of Coppell, Dallas County, Texas.

3.

She was a direct recipient of an email authored by counsel (or his representative) for plaintiffs in this litigation (hereafter the "*Akins* Litigation"), which was the subject of the plaintiffs' Motion to Claw Back Email and which was also the subject of this Court's Order filed on March 4, 2013.

4.

On May 2, 2013, she authored an email, which was attached as Exhibit A to plaintiffs' Motion for Temporary Injunction, Cease and Desist Order, and Sanctions, to other adjusters with whom she worked on the BP Oil Spill for Worley.

5.

She did not inform counsel for the *Sullivan* plaintiffs at any time that she planned to send the May 2, 2013 email.

6.

She did not inform counsel for the *Sullivan* plaintiffs after transmitting the May 2, 2013 email, nor was this email transmitted to the undersigned counsel.

7.

Her decision to draft and transmit the May 2, 2013 email was an act of her own volition and free will and was done as an exercise of her rights under the First Amendment of the United States Constitution and without any direction, knowledge, or involvement (in any way whatsoever) of counsel for the *Sullivan* plaintiffs and/or any other *Sullivan* plaintiff in the litigation pending against Worley in the Nineteenth District Court, Parish of East Baton Rouge (hereafter the "*Sullivan* Litigation").

8.

On May 10, 2013, she authored another email, which is also attached as Exhibit A to plaintiffs' Motion for Temporary Injunction, Cease and Desist Order, and Sanctions, to other adjusters with whom she worked on the BP Oil Spill for Worley.

9.

She did not inform counsel for the *Sullivan* plaintiffs at any time that she planned to send the May 10, 2013 email.

10.

She did not inform counsel for the *Sullivan* plaintiffs after transmitting the May 10, 2013 email.

11.

Her decision to draft and transmit the May 10, 2013 was an act of her own volition and free will and was done as an exercise of her rights under the First Amendment of the United States Constitution and without any direction, knowledge, or involvement (in any way whatsoever) of counsel for the *Sullivan* plaintiffs or any other plaintiff in the *Sullivan* Litigation.

12.

She does not waive her right to object to the jurisdiction of this court, nor has she been served with this motion as required by the Federal Rules of Civil Procedure. She specifically reserves her right to object to lack of service/summons and the jurisdiction of this court to render judgments affecting her rights.

Witness_____                    _____
                                                  Olga L. Sounders

Witness_____

THUS SWORN AND SUBSCRIBED BEFORE ME on the 17th day of May, 2013.

_____
Nicole Forde-Smith _____ (Print Notary name)
Notary Public in and for
Dallas _____ County, Texas
Bar/Notary No. ___N/A___
My commission ends ___7/27/14___

NICOLE FORDE SMITH
My Commission Expires
July 27, 2014