UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN AKINS ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2401 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

In this conditionally certified collective action brought under the Fair Labor Standards Act, I previously denied a motion to intervene filed by non-parties Michael Sullivan, Charles Baldwin, Johnny Knighten, Jimmy Phillips and Ron Dickerson (the "Sullivan Plaintiffs"), who represent themselves as named plaintiffs and who purport to represent a class of plaintiffs in a separate state court class action, Michael Sullivan et al. v. Worley Companies et al., No. 599,055, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana (the "Sullivan litigation"), which was filed against the same Worley entities that are defendants in the instant action. Order and Reasons dated March 4, 2013, Record Doc. No. 70. All of the plaintiffs in the instant Akins action and all of the named plaintiffs and putative class members in the Sullivan litigation were adjusters who worked for Worley in the aftermath of the offshore Deepwater Horizon blowout and oil spill.

In the same order, Record Doc. No. 70, I granted Plaintiffs' Objections and Assertions of Privilege Over Evidence Submitted in the Sullivan Plaintiffs' Motion for Leave to File Petition for Intervention and Motion to Intervene and Request that Such Evidence, and Any Discussion Thereof, Be Stricken From the Record and Clawed-Back (the "Claw-back Motion").  I ordered "that counsel for the Sullivan Plaintiffs must immediately return the subject privileged e-mail and all copies to plaintiffs' counsel and must cease immediately any further dissemination of its content."  Id. at p. 28.  The Sullivan Plaintiffs have appealed both aspects of my order to the Fifth Circuit, and their appeal remains pending.  Record Doc. No. 72; Fifth Circuit Appeal No. 13-30282.

Plaintiffs in the instant matter filed a Motion for Temporary Injunction, Cease and Desist Order and Sanctions.  Record Doc. No. 139.  Plaintiffs move to enjoin "Olga Souders and former proposed Intervenors and counsel (or Sullivan Plaintiffs), from engaging in any act, practice or course of communication in connection with the solicitation or misleading interference with putative class members in Akins v. Worley, solely for the purpose of undermining Notice, unless the same is pre-approved by [this] court."  Record Doc. No. 139 at pp. 1-2.

The Sullivan Plaintiffs filed a timely memorandum in opposition, which is supported by the affidavit of Olga Souders.  Record Doc. No. 189.  Souders also filed a timely opposition memorandum, appearing for the limited purposes of contesting this

court's jurisdiction over her person and objecting to plaintiffs' motion on the grounds of insufficiency of process, insufficiency of service of process and failure to state a claim on which relief can be granted. She supports her objections with the same affidavit that is attached to the Sullivan Plaintiffs' memorandum. Record Doc. No. 188.

Plaintiffs received leave to file a reply memorandum. Record Doc. Nos. 190, 191, 192.

Souders was an opt-in plaintiff in the similar and previously resolved case of John J. Altier v. Worley Catastrophe Response, LLC et al., Civil Action No. 11-241, c/w Civil Action No. 11-242 (collectively "Altier"), which was settled before the instant case was filed. Record Doc. No. 31 in Altier, Consent and Joinder as Plaintiff. However, Souders was one of a few plaintiffs who ultimately declined to participate in the settlement that disposed of the Altier case, and her claims in that case were dismissed without prejudice. Order granting Joint Motion to Dismiss, Record Doc. No. 316 in Altier. According to her opposition memorandum, Souders is now a named plaintiff in the Sullivan litigation.

The motion currently before me is based upon allegedly "false and misleading email solicitations" dated May 2 and May 10, 2013, sent by Souders to a group of former adjusters, which plaintiffs have attached as Exhibit A to their motion. Record Doc. No. 139 at p. 2. Plaintiffs argue that the two Souders "emails are clearly calculated to interfere with and undermine the class notice approved by this Court" when the court

3

conditionally certified a collective action. Id. Plaintiffs also contend that the May 2nd email, which quotes two paragraphs from the privileged attorney-client communication that was the subject of plaintiffs' Claw-back Motion and which was attached to the May 10th e-mail thread, violate this court's previous order granting that motion. Souders was a recipient of the privileged email when she was an opt-in plaintiff in Altier and was a client of the same attorneys who then represented the Altier plaintiffs and now represent the Akins plaintiffs in this court.

The Sullivan Plaintiffs and Souders make several arguments in opposition to plaintiffs' motion. They contend that, because they are not parties to this case, plaintiffs must file a new "claim" against them to obtain relief. To the extent the motion might be construed as a "claim," the Sullivan Plaintiffs and Souders contend that Rule 12 applies to the "claim" and that plaintiffs' motion should be denied due to lack of service of process, insufficient service of process, failure to allege the essential elements of a preliminary injunction under Fed. R. Civ. P. 65,[1] and failure to state a claim upon which relief can be granted against any of them. Souders also argues that the court lacks personal jurisdiction over her because she is a citizen of Texas. For the following reasons, I find that plaintiffs have failed (a) to show that any person subject to this court's

---

[1] As the Sullivan Plaintiffs correctly note, there is no such thing as a "temporary injunction" under Rule 65. It appears that plaintiffs' motion seeks a preliminary injunction, rather than a temporary restraining order.

4

March 4, 2013 order violated that order and (b) to carry their burden to establish the need for a preliminary injunction.

First, plaintiffs have presented no evidence of any violation of my March 4, 2013 order, in which I ordered "that **counsel for the Sullivan Plaintiffs** must immediately return the subject privileged e-mail and all copies to plaintiffs' counsel and must cease immediately any further dissemination of its content." Record Doc. No. 70 at p. 28 (emphasis added). This order was intended to and does include within its scope the five named Sullivan Plaintiffs who sought to intervene in this case.

The emails from Souders on their face do not violate this order. She states repeatedly in the messages that she is acting on her own, without any direction or authorization from the attorneys in the Sullivan litigation. Plaintiff's Exh. A, Record Doc. No. 139-1. More importantly, her sworn affidavit establishes that she received the original attorney-client privileged email directly from counsel for plaintiffs in Altier as their opt-in client and that she of her own volition authored and sent her two emails, which incorporated part of the privileged email, to other adjusters without any direction, knowledge or involvement of the Sullivan Plaintiffs' counsel or any other Sullivan Plaintiff. She did not inform the Sullivan Plaintiffs' counsel at any time that she planned to send either of the emails, did not transmit either of her emails to the Sullivan Plaintiffs' counsel and did not advise the Sullivan Plaintiffs' counsel of her actions after

5

she sent the emails. Thus, the evidence establishes that there has been no violation of my order by either the <u>Sullivan</u> Plaintiffs' counsel or the five named <u>Sullivan</u> Plaintiffs who tried to intervene in this case. Plaintiffs' speculation in their reply memorandum regarding communications between Souders and the <u>Sullivan</u> Plaintiffs' counsel is merely speculation, and does not raise any <u>facts</u> that contradict Souders's affidavit.

Even if the court were to assume for the sake of argument that Souders, who is now a <u>Sullivan</u> Plaintiff and apparently a member of the state-court class represented by the <u>Sullivan</u> Plaintiffs' counsel, was covered by my March 4, 2013 order, plaintiffs have failed to carry their burden to justify a preliminary injunction as a result of the emails. Whether to grant or deny a preliminary injunction rests within the district court's discretion. <u>Janvey v. Alguire</u>, 647 F.3d 585, 589, 592 (5th Cir. 2011). "[A] preliminary injunction is an <u>extraordinary</u> remedy which should not be granted unless the party seeking it has <u>clearly carried</u> the burden of persuasion on all four requirements" established by the case law. <u>Planned Parenthood Ass'n of Hidalgo County Tex, Inc. v. Suehs</u>, 692 F.3d 343, 348 (5th Cir. 2012) (quotation omitted) (emphasis added); <u>accord</u> <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 24 (2008).

To obtain a preliminary injunction, plaintiffs must demonstrate (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that their substantial injury outweighs the threatened harm

to the party whom they seek to enjoin and (4) that granting the preliminary injunction would not disserve the public interest.  Winter, 555 U.S. at 20; Planned Parenthood, 692 F.3d at 348; Lempar v. Livingston, 463 F. App'x 268 (5th Cir.), cert. denied, 133 S. Ct. 196 (2012); Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie, 608 F.3d 200, 206 (5th Cir. 2010).  In this case, plaintiffs have not even alleged, much less provided any evidence to carry their burden to prove, any of these four elements.  I see no reason why the opinions in the subject communications by Souders should be stifled, nor do I see how the emails interfere in any way with the parties' ability to assess the information they have received in the court-approved notice.  The muzzle that plaintiffs suggest putting on Souders is therefore wholly unwarranted on this record.

    Accordingly, plaintiffs' motion is DENIED.

    New Orleans, Louisiana, this ___22nd___ day of May, 2013.

```
                    JOSEPH C. WILKINSON, JR.
                    UNITED STATES MAGISTRATE JUDGE
```