UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN AKINS ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2401 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Plaintiffs' Motion for Protective Order (Representative/Narrowed Discovery), Record Doc. No. 107

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. Assuming – as intimated but not precisely stated in these motion papers – that defendants sent identical interrogatories and requests for production to the named plaintiffs and opt-in plaintiffs, the motion is denied in part insofar as it requests that defendants' "merits and damages" written discovery "should be quashed" and that whatever remains "should be conducted on a representative basis." Record Doc. No. 107-1 at p. 23. The parties' submissions on plaintiffs' prior motions concerning conditional certification of this FLSA collective action and for partial summary judgment have convinced me that individualized discovery is appropriate, for the most part, in this particular case to address the numerous disputed and/or unresolved issues presented by the parties, some of which have been identified in my previous orders. However, some of the objections asserted by plaintiffs in their consolidated written responses as to particular interrogatories and requests for production are well-founded and should be sustained. Accordingly, I address the individual interrogatories and requests for production that are the subject of this motion as follows:

      The motion is granted in part as to Interrogatories Nos. 1, 2 and 4 because these questions, all of which seek mere identification information or contentions, are all susceptible to and most efficiently answered in a single response that incorporates responsive information provided to plaintiffs' counsel by all plaintiffs and opt-in plaintiffs. It will be sufficient for Fed. R. Civ. P. 33(b)(1), (3) and (5) verification

purposes that lead plaintiff Akins swears to the truthfulness of these answers, in a representative capacity, based upon the information he verifies is provided to him by the other individual plaintiffs and opt-in plaintiffs through plaintiffs' counsel. The motion is denied in part as to these interrogatories in that all other objections are overruled. Full and complete consolidated answers to each of these interrogatories, without objection, must be provided.

The motion is denied as to Interrogatories Nos. 3, 5, 6, 7, 8 and 9. All objections are overruled, and each original plaintiff and opt-in plaintiff must provide complete, individualized answers to these interrogatories, without objection. Interrogatory No. 9 may lead to the discovery of evidence admissible at trial under Fed. R. Evid. 609. The others are directly relevant to the individual claims and defenses asserted in this case, and the responsive information provided in the current answer is vague and unresponsive.

The motion is granted as to Interrogatories Nos. 10, 13[1] and 14. All objections are sustained. No answers to these three interrogatories need be provided.

The motion is granted in part and denied in part as to Interrogatory No. 11. The 15-year period specified in this interrogatory is overly broad, and is hereby limited to the time period since 2005. Subject to that limitation in time, all other objections are overruled, and all plaintiffs and opt-in plaintiffs must provide complete, individualized answers to it.

As to the requests for production, the motion is granted in part as to Nos. 1 and 3 because these requests are susceptible to and most efficiently addressed in a single written response that incorporates and produces materials provided to plaintiffs' counsel by all plaintiffs and opt-in plaintiffs. The motion is denied in part as to these requests in that all other objections are overruled. A full and complete consolidated written response to each of these requests, clearly stating, without objection, that all non-privileged responsive materials are being produced must be provided.

The motion is denied as to Requests for Production Nos. 2, 4, 5, 6, 7, 8, 10, 12, 13, 14, 15, 16, 17, 18 and 21. All objections, except as to work product or any privilege, are overruled, and each original plaintiff and opt-in plaintiff must provide complete, individualized written responses, without objection except as to work product or any privilege, clearly stating that all non-privileged responsive materials are being produced and individually make the production. As to any of these requests that include responses that some materials are being withheld on privilege or work product grounds, the privilege log required by Fed. R. Civ. P. 26(b)(5) must be provided.

---

[1]There appears to be no Interrogatory No. 12.

The motion is granted as to Request No. 9. Although all objections are overruled, the response that "there are no responsive documents" is sufficient, and no further response is required.

The motion is granted in part and denied in part as to Request for Production No. 11. Although all objections are overruled, Fed. R. Civ. P. 34 relates only to production, inspection and related activities concerning tangible items. "Verbal" statements cannot be produced, unless they are recorded, and the second sentence of the request exceeds the scope of discovery for which Rule 34 requests may be used. Accordingly, the motion is denied in part in that each original plaintiff and opt-in plaintiff must provide individualized written responses to only the first sentence of Request No. 11, deleting the word "verbal," clearly stating either that all responsive non-privileged materials are being produced or that no responsive materials are in the possession, custody or control of each responder. The motion is granted in part as to this request in that all other objections are sustained.

The motion is granted as to Requests for Production Nos. 19, 20 and 22. All objections are sustained. No further responses to these requests need be provided.

All interrogatory answers, written responses to requests for production, including any privilege log and actual production of responsive materials, that are the subject of this order must be provided by plaintiffs to defendants no later than **June 21, 2013**.

New Orleans, Louisiana, this   22nd   day of May, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE