MINUTE ENTRY
WILKINSON, M.J.
APRIL 14, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN AKINS ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2401 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

At the oral request of counsel during a telephone conference this afternoon, the Clerk is directed to remove Record Doc. No. 329 at p. 12 from the record and substitute in its place a redacted version of that page, pursuant to the parties' confidentiality provision in the settlement agreement. The unredacted version of p. 12 is ordered filed under seal.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

MJSTAR: 0 : 05

application, the total amount of fees requested when the reasonable number of hours submitted is multiplied by their requested hourly rates is ▮▮▮▮▮. For the reasons set out in the foregoing paragraph, I must reduce this number by $13,424.00 in connection with Mitchell's work. This lower amount of ▮▮▮▮▮ is the lodestar amount, and it is less than the 25 percent fee requested. Nothing has been submitted that would justify any upward modifier increasing this lodestar amount, which is presumptively reasonable. Accordingly, the court approves the payment of attorney's fees to plaintiffs' counsel from the settlement amount in this case up to but not exceeding ▮▮▮▮▮, which must be distributed among counsel in compliance with their fee-sharing agreement, Exhibit F to the proposed settlement agreement. The amount for attorney's fees requested in the motion papers that exceeds this approved amount must be added back into the common fund for the benefit of and payable to plaintiffs participating in the settlement. Both the settlement agreement and its Exhibit A reflecting the amounts of payments to be made to each individual plaintiff must be adjusted accordingly.

The parties have agreed that a specified amount of the settlement funds shall be allocated as costs, which the agreement specifically defines. The amount available to pay costs is capped at a specific number, which is a reasonably low percentage of the total settlement value. The agreement provides that any amount left in the costs fund after all of the actual costs are paid will revert to the participating plaintiffs, to be allocated among them according to the same percentages by which the main settlement fund will be allocated. I find that the amount allocated for costs is fair and reasonable.